420 So.2d 562 (1982)
Bennie Lee WILLIAMS
v.
STATE of Mississippi.
No. 53875.
Supreme Court of Mississippi.
October 13, 1982.
Moore, Royals & Taylor, Robert H. Taylor, Jr., Jackson, for appellant.
Bill Allain, Atty.Gen. by Carlton F. McCullough, Sp.Asst.Atty.Gen., Jackson, for appellee.
Before SUGG, BROOM and BOWLING, JJ.
BROOM, Justice, for the Court:
Escape from jail by defendant Bennie Lee Williams, before he was sentenced but after a jury had found him guilty of murder, is the background of this case appealed from the Circuit Court of the First Judicial District of Hinds County, Special Circuit Judge Reuben Anderson presiding. For his *563 escape, Williams was tried, convicted and sentenced to two years imprisonment, pursuant to Mississippi Code Annotated § 97-9-49 (Supp. 1981). Sole argument asserted by him is that he should have been sentenced to a term not exceeding one year, pursuant to Mississippi Code Annotated § 97-9-51 (Supp. 1981). We affirm but remand for resentencing.
Undisputed facts are that on February 5, 1981, the defendant was tried and convicted of the crime of murder. The presiding trial judge, the Honorable William F. Coleman, set the sentencing for 9:00 a.m. on February 6, 1981, and court was recessed for the day. Next morning, February 6, 1981, the defendant was brought from the Hinds County detention center by a law officer and placed in the courtroom to await sentencing. While waiting in the courtroom, the defendant escaped, but was apprehended later in the day. There was no dispute but that at the time of his escape he had been lawfully confined in the Hinds County detention center as a result of the murder charge for which the jury had found him "guilty". For the escape, he was tried, convicted and sentenced under Mississippi Code Annotated § 97-9-49 (Supp. 1981), the pertinent part of which provides:
If any person confined in any jail upon any conviction for a criminal offense shall escape therefrom, or shall escape from custody before confinement therein, he shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding two (2) years, or in the county jail not exceeding one (1) year to commence from the expiration of his former sentence. (Emphasis added).
He contends that he should have been sentenced under § 97-9-51, supra, which provides:
Every person lawfully imprisoned in any jail, who shall escape therefrom or who shall attempt by force or violence to escape therefrom shall, upon conviction, be imprisoned in such jail not more than one (1) year.
Defendant concedes that "the evidence is sufficient to prove him guilty of § 97-9-51, supra, but not sufficient to prove his guilt under" § 97-9-49, supra. There is no case in our jurisprudence precisely on point, although we have decided several cases which made some reference to the statutes. Floyd v. State, 140 Miss. 884, 105 So. 765 (1925), construed § 886 of Hemingway's Code, the forerunner to § 97-9-51, supra, but that case dealt with attempted escape and is not precisely in point. Bourdeaux v. State, 412 So.2d 241 (Miss. 1982), held that one previously convicted and sentenced to the state penitentiary but confined in the county jail would not be punished under § 97-9-45 Miss. Code Ann. (1972), which is the statute controlling punishment for persons sentenced to the state penitentiary, but that Bourdeaux would be punished under Mississippi Code Annotated § 97-9-49 (1972).
We think the key to the issue is language excerpted from § 97-9-49: "to commence from the expiration of his former sentence." It appears clear by the quoted language from § 97-9-49 that the legislators intended to punish the escape of prisoners who were already serving a sentence, or who were at least under a sentence.[1] As the defendant astutely asserts in his brief: "Were a prisoner a pre-trial detainee, § 97-9-49, supra, could not apply, because, obviously, there would be no former sentence on to which to tack the two year or one year sentence prescribed."
Such is precisely the situation subsisting here where, without doubt, when the defendant escaped he was not subject to any "former sentence" as provided in § 97-9-49. Absent any "former sentence", the defendant's escape was not within the purview of § 97-9-49. Defendant correctly concedes that § 97-9-51 is applicable. Accordingly, the case is affirmed but remanded for appropriate sentencing not to exceed one (1) year, pursuant to § 97-9-51, supra.
*564 AFFIRMED, AND REMANDED FOR RESENTENCING CONSISTENT WITH THIS OPINION.
PATTERSON, C.J., SUGG and WALKER, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
NOTES
[1] The interpretation of the word "conviction" as used by the Legislature in other contexts, has been interpreted by us as requiring both conviction and sentence and, therefore, tantamount to final judgment. See Keithler v. State, 18 Miss. (10 Sm. & M.) 192, 224, 236 (1848); Lang v. State, 238 Miss. 677, 119 So.2d 608 (Miss. 1960).