## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-00067-SCT

*RONNIE WARD a/k/a RONNIE ALLEN WARD a/k/a*
*RODNEY a/k/a "HULK"*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/29/96 |
| TRIAL JUDGE: | HON. HENRY LAFAYETTE LACKEY |
| COURT FROM WHICH APPEALED: | CHICKASAW COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| | BY: DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | JIM HOOD |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED - 1/29/98 |
| MOTION FOR REHEARING FILED: | 2/27/98 |
| MANDATE ISSUED: | 4/30/98 |

**EN BANC.**


**BANKS, JUSTICE, FOR THE COURT:**


¶1. This appeal challenges the validity of two guilty pleas to sale of cocaine and escape from jail, as well as the sentence imposed for the escape charge. After careful review of the circuit court proceedings, we find that Ronnie Ward received an illegal sentence on the escape charge, received ineffective assistance of counsel, and entered guilty pleas without being made aware of the range of punishment for the crimes charged. Accordingly, we vacate the convictions.

## I.

¶2. On September 23, 1993, an informant approached Ward to purchase cocaine from him. Ward told the informant that he did not have any cocaine, but that he could obtain the cocaine elsewhere. The agent gave Ward money, that Ward took and used to buy cocaine from a friend loitering nearby. Ward then took the cocaine to the agent who gave Ward five dollars for his assistance.

¶3. On April 13, 1994, Ward was indicted for sale of cocaine. Upon being arrested, he was held without bond in Chickasaw County, Mississippi. On July 01, 1994 while awaiting trial, Ward was given a deal by the local sheriff's department whereby Ward would be released from jail to participate in an undercover drug deal. On the designated date, Ward did not appear as agreed, nor did he return to jail. In fact, he left the state for four days, but was then apprehended and returned to custody. Consequently, Ward was charged with escape from jail via an information, upon his waiver of indictment.

¶4. On July 27, 1994, Ward pled guilty to sale of cocaine and escape from jail. He was sentenced to fifteen years on the sale charge and five years on the escape charge, to be served concurrently. On December 1, 1995, Ward petitioned for post-conviction relief from both convictions and sentences. In his petition, Ward presented several grounds for relief including: (1) that he was not guilty of sale of cocaine; (2) that he only pled guilty because his attorney insisted he do so; (3) that his plea was involuntary because he was led to believe he would receive five years on both counts, to run concurrently; (4) that he escaped because he had learned he was being set up to be killed and therefore fled for his safety; and (5) that his attorney was unconstitutionally ineffective in his failure to advise Ward of his rights, his failure to protect Ward's interests by encouraging him to plead guilty to the escape charge even before an indictment existed, and by advising him to plead guilty when there was no factual basis for the guilty pleas.

¶5. On January 29, 1996, the circuit court held a hearing on the petition. Ward's attorney, the jailer, the sheriff who arranged the second undercover deal, and the sheriff who re-arrested Ward after his escape presented testimony. There was no apparent connection between the testimony presented at the hearing and the issues Ward urged in his petition. The circuit court denied the petition for relief, finding the guilty pleas voluntarily and intelligently given. The court did not address any of the other issues raised by Ward.

## II.

¶6. On appeal, Ward argues the lower court erroneously ruled that he entered his pleas of guilt voluntarily, knowingly, and intelligently. He further argues he received ineffective assistance of counsel. Specifically, Ward alleges the trial court failed to advise him of the minimum sentence he could receive for the escape conviction (six months). While Ward concedes that during the plea hearing he told the trial court that he had in fact been advised of the minimum and maximum sentences for both offenses, he presently argues that the transcript fails to show what the range of punishment was for the offenses. In addition, Ward argues that his plea was involuntary as he was led to believe that he would be sentenced to five years for both offenses, to be served concurrently.

¶7. In opposing the claims raised by Ward, the State argues the transcript and petition to enter the guilty plea both indicate that Ward was aware of his constitutional rights, as well as the range of punishment for the offense. Moreover, the State proclaims "[t]his PCR action is as frivolous as they come." Contrary to the State's proclamation of frivolity, we find Ward's claims meritorious and warranting reversal.

## III.

¶8. Ward received a sentence of five (5) years on the escape conviction. As Ward puts it, this sentence is simply "erroneous" for the following reason. Under Miss. Code Ann. § 97-9-49(2) (1994), if an individual who is in custody is released by an authorized person but subsequently fails to return at the designated time, then that person is considered an escapee and may be punished by the addition of a period not exceeding six (6) months to his original sentence.

¶9. As the statute makes clear, the maximum sentence possible is six months. In this case, Ward was sentenced to five years on the escape charge, which is ten times longer than the maximum allowed under the statute. Subsection (1) of § 97-9-49 does, in fact, allow up to five years for *forcible or violent escape*; however the record evidence clearly indicates that Ward was pleading guilty to escape from an officially arranged jail release, governed by § 97-9-49(2), and not to forcible or violent escape.[1]

¶10. During the plea colloquy, the circuit court stated, "So you left. They let you out of jail for some purpose; and instead of coming back like you were supposed to, you stayed [sic] the state." Ward responded, "Yes, sir." The trial court then said, "You made a conscious decision to do that and knew you were supposed to be back . . . In other words, you hadn't planned it in advance; but after you got out and whatever happened, you decided to leave the state." The sheriff who testified at the hearing corroborated this account of Ward's escape, ". . . I remember we set up a buy, and he was let out and was supposed to return to a certain meeting place and did not return . . ."

¶11. It cannot be disputed that Ward was pleading guilty to the offense in subsection (1) of the statute and not to forcible or violent escape under subsection (2). As such, the five year sentence for the escape charge was not authorized by the statute, thereby making the sentence invalid. Also, this sentencing error buttresses Ward's argument that his guilty plea was not knowingly given as there was no way he could have known that he would be subjected to a sentence that was not even authorized for the crime he admittedly committed.

¶12. Moreover, regardless of whether Ward's guilty plea was knowingly entered, he is nevertheless entitled to relief as no court may adjudge and sentence a defendant beyond its statutory authority to do so. *See Luckett v. State*, 582 So. 2d 428 (Miss. 1991) (stating that a sentence beyond the statutory prescription is a fundamental violation of due process); *Lanier v. State*, 635 So. 2d 813, 816 (Miss. 1994) (noting that a sentence beyond the statutory prescription is unenforceable as it violates public policy; this is so even where the unauthorized sentence arises out of a contract between defendant and State).

¶13. Because the maximum sentence Ward could have received is six months, we reverse the five-year sentence on the escape conviction. In addition, as § 97-9-49(1) indicates, Ward is not eligible for a consecutive sentence because, as a pretrial detainee, he was not being confined in jail at the time of his escape under an "original sentence" as described in the statute: "[Anyone who is entrusted to leave jail by an authorized person and fails to return] may be punished by the addition of not exceeding six (6) months *to his original sentence*." (emphasis added).

¶14. In other words, if the escape sentence was valid it would necessarily have to run concurrently with Ward's sentence for sale of cocaine since he was a pretrial detainee with no original sentence at the time of the escape. However because we hold that both convictions were defective and that the escape sentence is illegal, further discussion is not warranted.

## IV.

¶15. Ward argues his attorney was unconstitutionally ineffective for failing to advise Ward of the minimum sentences that he could receive, for not objecting to the five-year sentence on the escape charge, for misadvising him of the consequences of an illegal sentence, and for failing to investigate the laws regarding the offenses charged.

¶16. The State presents no response to these allegations beyond a general contention that Ward's plea process was defect-free. Again, contrary to the State's summary dismissal of Ward's contentions, we find the claims meritorious.

¶17. To prevail on a claim of ineffective assistance of counsel, the complaining party must satisfy the well-established two prong test. First, the party must show that counsel's performance was objectively deficient. Then, the party must show that, but for counsel's deficient performance, there is a reasonable probability that the result of the trial would have been different. *Gilliard v. State*, 462 So. 2d 710, 714 (Miss. 1985).

¶18. In the case at hand, Ward's counsel allowed him to be sentenced on the escape charge under a statute that did not apply to the admitted crime. This resulted in Ward receiving a sentence that was ten times the maximum allowed for the offense to which Ward pled guilty.

¶19. Effective assistance of counsel contemplates counsel's familiarity with the law that controls his client's case. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) (noting that counsel has a duty to bring to bear such skill and knowledge as will render the trial reliable); *see also Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir. 1974) (stating that a lawyer who is not familiar with the facts and law relevant to the client's case cannot meet the constitutionally required level of effective assistance of counsel in the course of entering a guilty plea as analyzed under a test identical to the first prong of the *Strickland* analysis); *Leatherwood v. State*, 473 So. 2d 964, 969 (Miss. 1985) (explaining that the basic duties of criminal defense attorneys include the duty to advocate the defendant's case; remanding for consideration of claim of ineffectiveness where the defendant alleged that his attorney did not know the relevant law).

¶20. It is plain that Ward was prejudiced by his attorney's failure to perceive that Ward was being sentenced under the wrong statute because he received a sentence ten times longer than that authorized under the crime to which he pled guilty. Such evidence satisfies the two-prong *Strickland* analysis and justifies the finding that counsel for Ward rendered unconstitutionally ineffective assistance of counsel.[2]

¶21. Moreover, in light of the egregious error made by counsel on the escape charge, this Court is not assured that counsel rendered constitutionally effective assistance of counsel on the sale of cocaine charge, which was adjudicated at the same time.

¶22. We have repeatedly held that an allegation that counsel for a defendant failed to advise him of the range of punishment to which he was subjected gives rise to a question of fact about the attorney's constitutional proficiency that is to be determined in the trial court. *See Nelson v. State*, 626 So. 2d 121, 127 (Miss. 1993) ("[T]he failure to accurately advise Nelson of the possible consequences of a finding of guilt in the absence of a plea bargain... may, if proven, be sufficient to

meet the test in ***Strickland v. Washington***."); *See also **Alexander v. State***, 605 So. 2d 1170 (Miss. 1992) (emphasizing that where a criminal defendant alleges that he pleaded guilty to a crime without having been advised by his attorney of the applicable maximum and minimum sentences a question of fact arises concerning whether the attorney's conduct was deficient).

¶23. We conclude that here counsel rendered ineffective assistance of counsel and that such ineffectiveness prejudiced Ward's guilty plea in such a way as to mandate a reversal of the sale of cocaine conviction and remand for further proceedings on that charge.

## V.

¶24. Ward lastly challenges the voluntariness of his guilty pleas on the ground that he was not informed of the range of punishment possible on each crime and on the ground that he was deluded into expecting to receive five years on each offense, to be served concurrently.

¶25. Because nothing in the record, including the transcript of the plea hearing, the petition to enter the guilty plea, and the testimony at the post-conviction relief hearing, indicates that Ward was aware of the actual range of punishment to which he was exposed, we agree that Ward's pleas of guilt to both charges were involuntary.

¶26. On the sale of cocaine charge, Ward was exposed to a maximum punishment of thirty years imprisonment and a minimum punishment of a $1,000 fine. On the escape charge, Ward was exposed to a maximum punishment of six additional months imprisonment. The applicable escape statute does not provide a mandatory minimum.

¶27. Even though the trial court asked Ward, who responded affirmatively, if he had been advised of the maximum and minimum sentences that he could receive for each of the offenses, the record, nevertheless, is devoid of any indication that Ward actually knew what those exact terms were. In addition, the trial court never told Ward what sentences he could possibly receive; nor does his petition to enter the guilty plea mention a range of punishment.

¶28. This Court notes that, beyond his bare allegation, Ward has provided no additional evidence in support of his claim that he did not know the range of punishment applicable to the sale of cocaine, although he states that he expected to receive five years and acknowledges that he did say, during the plea hearing, that he had been advised of the range of punishment. However on the other hand, we note that the State has never offered a rebuttal to Ward's claim, nor has it suggested that Ward was actually aware of the sentencing range for a sale of cocaine charge.[3]

¶29. Still, the trial court's query to Ward concerning the range of punishment was tantamount to asking an accused whether he had been advised of his constitutional rights, without enumerating those rights. We condemned such practices in ***Nelson v. State***, 626 So. 2d at 126.

¶30. As such, this Court finds that the record fails to reflect a voluntary plea of guilty to the sale of cocaine charge, because the trial court did not advise Ward of the range of possible punishment and since his claim that his attorney, likewise, did not advise him of the possible sentences is unrefuted. *See **Bevill v. State***, 669 So. 2d 14, 19 (Miss. 1996) (noting that a defendant pleading guilty must be informed of the maximum sentence possible, although he has no right to be informed that the statute

contains no minimum sentencing requirement, if such is the case); *Gibson v. State*, 641 So. 2d 1163, 1166 (Miss. 1994) (noting that a defendant's awareness of the maximum and minimum sentences is central to the voluntariness of his plea, although finding the trial court's failure to inform the defendant in that case to be harmless where the record clearly indicated an independent motive for the guilty plea); *Mallett v. State*, 592 So. 2d 524 (Miss. 1991) (finding guilty pleas involuntary where trial court failed to inform defendant of either the minimum or maximum sentences that could be imposed, and where there was no other evidence that the defendant had acquired the knowledge elsewhere). Furthermore on these facts, the failure to advise Ward of the range of punishment cannot be considered harmless.[(4)]

¶31. Ward appears to have been wholly unaware of the large sentence to which he was exposed on the sale of cocaine charge; thus, we cannot conclude beyond a reasonable doubt that Ward would have pled guilty, as he did, had he known the maximum sentence to which he was exposed. We hold therefore that Ward's conviction and sentence for the sale of cocaine must be reversed.

## CONCLUSION

¶32. Considering the fact that Ward's sentence on the escape conviction is simply illegal, that his counsel failed to object to the illegal sentence, and the fact that the record is devoid of any indication whatsoever that Ward was made aware of the actual terms of the mandatory minimum and maximum sentences to which he was exposed on both charges, we are persuaded that Ward's guilty pleas were involuntary. Accordingly, the convictions of both crimes must be vacated and reversed.

¶33. **CONVICTIONS VACATED AND REVERSED.**

**PRATHER, C.J., SULLIVAN, P.J., AND McRAE, J., CONCUR. WALLER, J., CONCURS IN RESULT ONLY. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, P.J., ROBERTS AND MILLS, JJ.**

**SMITH, JUSTICE, DISSENTING:**

¶**34.** I agree with the majority that six months is the maximum sentence that Ronnie Ward could have received under the facts of this case, as clearly established by the record. However, failure to utilize the appropriate statute appears to be mere oversight by all concerned, the trial judge, district attorney and defense counsel. It seems that all court officers were relying upon the general jail escape statute which allows a maximum five year sentence, rather than the special statute that which allows a maximum six month sentence and actually controls under the factual situation described in the case at bar. Even Ward testified that he expected to receive a five year sentence for the jail escape. Proof of the proper statute being so easy to overlook is demonstrated by the fact that the attorney general's brief also failed to detect the error and cite the proper jail escape statute. While I agree that this was inexcusable, nonetheless, I do not deem it to be disrespectful, nor do I find the disparity between a six month and five year sentence to be "an egregiously illegal criminal sentence," under the facts of this case where Ward's guilt of the two offenses is rather obvious. This is especially so since the improper

sentence was obviously due to mere oversight, and can be easily corrected.

¶35. However, rather than vacating the escape conviction, I would remand the case for resentencing under the proper statute as Ward clearly admitted his guilt to escape by failing to return to jail as agreed after having been let out by law enforcement officers to participate in a drug "sting" operation. Ward's admission regarding his failure to return to jail from the officially arranged jail release made during his plea colloquy is absolutely a violation of Miss. Code Ann. 97-9-49(2) (1994).

¶36. Additionally, I disagree with the majority that Ward's defense counsel was unconstitutionally ineffective. The majority relies solely completely upon the use of the incorrect statute regarding the jail escape to conclude that counsel was thus ineffective regarding the sale of cocaine charge also. This simply does not rise to the level of the two-prong requirements established by *Strickland v. Washington* 466 U.S. 668 (1984). I would affirm regarding that conviction.

¶37. The majority, while placing significant emphasis upon the reliability of Ward's testimony and his claims made in the Motion for Post-Conviction Relief, nevertheless, ignores Ward's testimony made during his plea-colloquy regarding the advice that he had received and the facts that he recited to the trial judge under oath. Ward admitted that his plea was free and voluntary, without force, threat, or promise of reward. He was asked point blank whether he had been advised of the maximum and minimum sentences that he could receive for each crime to which he responded, "I have." Ward told the trial judge that he was in fact guilty both offenses. Finally, Ward detailed his involvement in selling cocaine to another individual at Picken's One Stop. He admitted that he knew that such conduct was illegal. Ward testified that he expected the sentences that he actually received and admitted that he knew the maximum and minimum sentences that the statute allowed. I would affirm the trial court regarding the sale of cocaine and remand for re-sentencing under the proper statute for the jail escape.

¶38. I respectfully dissent.

**PITTMAN, P.J., ROBERTS AND MILLS, JJ., JOIN THIS OPINION.**

1. The judgment of the trial court finding Ward guilty of escape did not specify upon which particular statute the finding was promised.

2. While counsel's failure to perceive the improper sentence was ineffective, the State's conduct in the instant case is likewise noteworthy. In its reply to Ward's claims, the State focused its entire three page argument around the wasteful and frivolous nature of Ward's complaints. While this Court is deluged with the post-conviction complaints of this State's prisoners, there is nothing frivolous or wasteful in a valid complaint that one has been sentenced to a term of years that is, in fact, *ten times* longer than the maximum allowed under the applicable statute. The State's failure to discover such a grave mistake, both during the plea hearing when it recommended that Ward receive five years, and more recently in its responses to Ward's post-conviction pleadings, bespeaks *gross* negligence in its enforcement of the criminal law. Such a vituperative and *ad hominem* argument from the State is disrespectful in the face of such an egregiously illegal criminal sentence.

3. Ward apparently had no prior felonies; the trial court advised him during the plea proceeding that these would be his first two, and any subsequent felony convictions would subject him to the habitual offender laws.

4. This Court applies a harmless error analysis where the trial court fails to inform the defendant of a mandatory minimum sentence. *E.g., **Smith v. State***, 636 So. 2d 1220, 1226 (Miss. 1994). This Court has never expressly applied this test where the trial court failed to inform the defendant of the maximum sentence available, but we have repeatedly maintained that the defendant must be aware of the maximum sentence possible for the charge to which he is pleading. *E.g., **Bevill v. State***, 669 So. 2d at 19. This Court has, however, declined to reverse where the record revealed a clear independent motive for the defendant's entry of a guilty plea. ***Gibson v. State***, 641 So. 2d at 1165. No such motive is evident in the record in this case.