797 So.2d 299 (2001)
Charles GRIFFIS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-01447-COA.
Court of Appeals of Mississippi.
April 3, 2001.
*301 Charles Griffis, Appellant, Pro Se.
Office of the Attorney General by John R. Henry Jr., Jackson, Attorney for Appellee.
Before KING, P.J., PAYNE, and IRVING, JJ.
IRVING, J., for the Court:
¶ 1. Charles Griffis pleaded guilty in the Circuit Court of Choctaw County to possession of cocaine with intent to distribute. He was sentenced to a term of ten years imprisonment and to placement in the house arrest program with five years supervised probation upon completion of the house arrest program or completion of the prison sentence if he did not successfully complete the house arrest program.
¶ 2. Subsequently to pleading guilty, Griffis filed a petition for post-conviction relief alleging that he received ineffective assistance of counsel and that his plea was not given voluntarily. The trial judge denied the petition without an evidentiary hearing, finding that "it is manifest that the defendant is not entitled to any relief." Griffis has appealed and alleges that the trial court erred in denying the petition without an evidentiary hearing.

*302 FACTS
¶ 3. Griffis's pro se petition for post-conviction relief alleged that the assistance of counsel received by him was ineffective for the following reasons: (1) his court-appointed counsel spoke with him only two times and did not discuss the plea offer with him, opting instead to allow his secretary to do the discussion, (2) his counsel told him that Griffis could not use a witness that Griffis had identified, (3) his counsel told him to take the plea and tell the judge that Griffis did do the crime and was making the plea voluntarily, and (4) his counsel failed to discuss the minimum and maximum sentence with him before the plea. Griffis contended in the petition that his plea was involuntary because (a) he had been told that an alibi witness could not testify to prove Griffis's innocence, (b) he was told that he would be given thirty years if he did not accept the plea agreement, (c) he has a limited educational background, having completed only the third grade, and (d) he was on medication at the time the plea was entered and did not fully understand what he was doing but felt he did not have a choice. He said he was taking medication for his heart, nerves, pain and hypertension.

DISCUSSION OF THE ISSUES

I. Ineffective Assistance of Counsel
¶ 4. In order for Griffis to prevail on his claim of ineffective assistance of counsel, he must meet the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):
A convicted defendant's claim that counsel's assistance was so defective as to require reversal of conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
¶ 5. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686, 104 S.Ct. 2052. "The proper standard for attorney performance is that of reasonably effective assistance." Id. at 687, 104 S.Ct. 2052. "A guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not `a reasonably competent attorney' and the advice was not `within the range of competence demanded of attorneys in criminal cases.'" Id. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689, 104 S.Ct. 2052. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id. at 690, 104 S.Ct. 2052.
¶ 6. When the Strickland standard is applied to the facts of this case, it is immediately obvious that Griffis's claim must fail. First, the record provided us does not contain a copy of the "Petition to Enter Guilty Plea" nor a transcript of the plea hearing. It is the responsibility of the appellant to insure the availability of an appellate record sufficient to support *303 his claims. Smith v. State, 572 So.2d 847, 849 (Miss.1990). However, because of the severity of the claim, we have, on our own motion, had the record supplemented with copies of the "Petition to Enter Guilty Plea" as well as the transcript of the plea hearing.
¶ 7. Our perusal of the transcript of the plea hearing does not reveal that the trial judge advised Griffis of the maximum and minimum sentence Griffis could receive. It does show, however, that the trial judge conducted multiple plea hearings at the same time and that Griffis, along with the other defendants, answered, "Yes, sir" to the following questions propounded by the court:
Now, have you had explained to you and do you understand the maximum and the minimum sentence, that is the most and the least sentence that you can get for this crime that you're offering the plea of guilty to?
* * * *
Are each of then [sic] telling me that you feel like you know and understand your legal and constitutional rights that you are waiving or giving up if the Court accepts your plea of guilty? Are you telling me that you know and understand the maximum and minimum sentences that you could receive; and do you understand the significance of the Habitual Offender's Act? Are you telling me that?
¶ 8. Our examination of the "Petition to Enter Guilty Plea" shows that it was signed by Griffis and that the charge was "sale of cocaine, reduced to possession of intent." In the petition, Griffis makes the following representations:
5. (c) I understand that I may plead "not guilty" and may persist in that plea and that (a) the Constitution guarantees me the right to a speedy and public trial by jury, (b) the right to see, hear and cross examine [sic] all witnesses called to testify, (c) the right to use the power and processes of the Court to compel the production of evidence including the attendance of any witnesses in my favor.

7. At this time I am not under the influence of drugs or alcohol nor suffering from any mental disease.

8. I offer my plea of guilty freely and voluntarily and of my own accord and with full understanding of all matters set forth in the indictment here and in this Petition, and this plea is with the advice and consent of my lawyer.

9. My lawyer has informed me as to the maximum and minimum punishment which the law provides for the offense charged in the indictment. The maximum punishment which the Court may impose for this crime that I am charged with is 30 years and $1,000,000 fine. The minimum punishment is-0-years imprisonment.

(emphasis added).
¶ 9. The trial judge's ruling was succinct and does not give us any insight as to the basis for the judge's decision. As stated, the trial judge, in denying Griffis's petition, said, "it is manifest that the defendant is not entitled to any relief." We do not know whether the judge reviewed or simply remembered Griffis's "Petition to Enter Guilty Plea." When we requested supplementation of the record, we learned that the testimony adduced at the plea hearing had not been transcribed. It was, however, transcribed at our request.
¶ 10. The State urges us to affirm the decision of the trial court because Griffis failed to present us with a record to substantiate his contentions. Inasmuch as we have supplemented the record, we decline the State's invitation and look at the merits of Griffis's claims.
*304 ¶ 11. "When reviewing a lower court's decision to deny a petition for post-conviction relief, [the appellate court] will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Brown v. State, 731 So.2d 595 (¶ 6) (Miss.1999). The problem here is the trial judge made no factual findings. Nevertheless, we will look at the record as supplemented to determine if the trial judge's ultimate finding that "it is manifest that [Griffis] is not entitled to any relief" is supported by the record.
¶ 12. A case factually similar to ours is Wilson v. State, 577 So.2d 394 (Miss.1991). The facts in Wilson, were these:
The petition [Petition to Enter Plea of Guilty] indicated that Wilson had been advised by his attorney of the nature of the charges against him and had been told what the minimum and maximum sentence would be for a plea of guilty. Wilson's handwritten additions to the petition indicated that he knew the recommended sentence would be ten years for the aggravated assault charge and five years for the armed robbery charge which sentences would be served consecutively.
The petition further stated that Wilson was satisfied with the advice he had received from his attorney and that no one had promised him a lighter sentence or any form of leniency other than the ten years and five years.
Included with the petition was a Certificate of Attorney. In it, Wilson's attorney indicated that he fully explained to Wilson the allegations contained in the indictment and the minimum and maximum penalties for each count. He was satisfied that Wilson understood the nature of the charges and the effect of the guilty pleas.
* * * *
In his Motion for Post-Conviction Relief, Wilson contended that he was denied effective assistance of counsel and that, as a result, his guilty plea was not entered voluntarily. The errors his counsel allegedly made include the following:
1) His counsel advised him that if he pled guilty to armed robbery, earned time would be applicable to that sentence;
2) His counsel failed to advise him of the elements of the charges;
3) His counsel failed to inform him of the maximum and minimum sentences which could be applicable to the charges;
4) His counsel failed to object to the indictment because of the ambiguity and vagueness in the charge; and
5) his counsel failed to inform him of the nature and consequences of a plea of guilty to the multi-count indictment.
Wilson, 577 So.2d at 394-95.
¶ 13. The record in Wilson contained only the "Petition to Enter Guilty Plea." The plea proceeding had not been transcribed and was not a part of the appellate record. Id. at 397. Because of this inadequacy, the Wilson court said it was "impossible to make a determination of whether Wilson really understood the nature of his guilty plea." Id. Quoting from Garlotte v. State, 530 So.2d 693, 694 (Miss. 1988), the Wilson court advised:
We have commended the practice of a judge who files a transcript of the guilty pleas proceedings within days after that proceedings takes place. "This transcript is then available when a post-conviction motion of this nature is filed, allowing for immediate review and rapid disposition of the motion without the expenditure of county funds for transporting *305 the petitioner from Parchman for a hearing."
Wilson, 577 So.2d at 397.
¶ 14. The Wilson court went on to hold that the allegations contained in Wilson's post-conviction relief motion warranted a hearing and that because the plea hearing was not transcribed the court could not make a determination as to whether the plea was voluntary or whether Wilson's counsel provided ineffective assistance of counsel. Id. at 398. The case was remanded for an evidentiary hearing.
¶ 15. "A plea is voluntary if the defendant knows what the elements are in the charge against him, including an understanding of the charge and its relation to him, the effect of the plea, and the possible sentence." Taylor v. State 682 So.2d 359, 362 (Miss.1996) (quoting Schmitt v. State, 560 So.2d 148, 153 (Miss. 1990)).
The trial judge must explain to the defendant the charges against him, the possible sentences for those charges, and the consequences of entering a plea of guilty. In order to ensure that guilty pleas are knowingly, intelligently, and voluntarily made, the trial judge should make such an explanation prior to accepting any such plea from the defendant.
Taylor, 682 So.2d at 364.
¶ 16. "A post-conviction collateral relief petition which meets basic pleading requirements is sufficient to mandate an evidentiary hearing unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Turner v. State, 590 So.2d 871, 874 (Miss.1991). Thus, we look to see if Griffis's petition meets the basic pleading requirements and if so, whether, based on the pleadings, it appears beyond a doubt that Griffis can prove no set of facts in support of his claims.
¶ 17. We first note that Griffis's petition fails to satisfy the basic pleading requirements in that it does not contain the requisite affidavits of witnesses and copies of documents or records which are required by Mississippi Code Annotated Section 99-39-9 (Rev.2000). Also, the petition does not set forth in detail any facts from which the trial court could have determined if good cause existed to excuse Griffis's failure to comply with the stated code section. Therefore, it would be entirely proper to conclude, based on the pronouncement in Turner, that this omission defeats Griffis's claim of entitlement to an evidentiary hearing. In his appellate brief, Griffis says he was not aware of the statutory requirement that his petition be accompanied by affidavits of witnesses and that he was endeavoring to locate a witness that would support his claim. Griffis's ignorance of the law is no excuse for his failure to comply with the pleading requirements. Notwithstanding Griffis's failure to meet the procedural pleading requirements, we have elected to look further at the claims made by him.
¶ 18. Griffis claims that his counsel failed to discuss the maximum and minimum sentences with him. In Ward v. State, 708 So.2d 11 (¶ 22) (Miss.1998) (citing Nelson v. State, 626 So.2d 121, 127 (Miss.1993)), our supreme court held that "an allegation that counsel for a defendant failed to advise him of the range of punishment to which he was subjected gives rise to a question of fact about the attorney's constitutional proficiency that is to be determined in the trial court." The Ward court also held:
Even though the trial court asked Ward, who responded affirmatively, if he had been advised of the maximum and minimum sentences that he could receive for *306 each of the offenses, the record, nevertheless, is devoid of any indication that Ward actually knew what those exact terms were. In addition, the trial court never told Ward what sentences he could possibly receive, nor does his petition to enter the guilty plea mention a range of punishment.

Id. at (¶ 27) (emphasis added).
¶ 19. Griffis's claim that his counsel did not discuss the maximum and minimum sentences with him is not refuted in the record. Further, as stated, the transcript of the plea hearing reveals that the trial court also failed to inform Griffis of the minimum and maximum sentences he could receive. However, the "Petition to Enter Guilty Plea," which Griffis signed, contains a statement of the minimum and maximum sentences for the charge to which Griffis pled. Also, the trial court did ask Griffis if he understood the minimum and maximums sentences for the charge to which he was pleading. Griffis answered in the affirmative. Although the trial court should have specifically advised Griffis of the minimum and maximum sentences he could receive, we conclude that, since the "Petition to Enter Guilty Plea" contains that information and Griffis told the trial court that he understood it, these facts sufficiently distinguish this case from Ward so as not to require reversal. In Ward, the defendant answered in the affirmative when asked if he had been advised of the minimum and maximum sentences he could receive. Here, Griffis was asked if he understood the minimum and maximum sentences. There is a huge difference between "being simply advised" and "understanding that of which you have been advised."

II. Involuntariness of the Plea
¶ 20. As stated, Griffis contends that his plea was involuntary because (a) he had been told that an alibi witness could not testify to prove Griffis's innocence, (b) he was told that he would be given thirty years if he did not accept the plea agreement, (c) he has a limited educational background, having completed only the third grade, (d) he was on medication at the time the plea was entered and did not fully understand what he was doing but felt he did not have a choice. All of these allegations, except item (c) are contradicted in total by the recitals contained in the "Petition to Enter Guilty Plea" as well as by the plea hearing colloquy. While the "Petition to Enter a Guilty Plea" does not contradict the allegation Griffis made in his PCR petition regarding having a limited educational background, it does contradict Griffis's allegation as to the number of grades completed in school. In the plea petition, Griffis said he completed eight grades of schooling and could read and write. Therefore, we conclude that there is no merit to this issue.
¶ 21. While we are not sending this case back to the trial judge to make specific findings, with citation to the appropriate record, to support his summary finding that "it is manifest that the defendant is not entitled to any relief," we do take this opportunity to admonish our trial judges to strictly adhere to the mandates set forth by our supreme court to advise criminal defendantson the recordof the maximum and minimum sentences for the crime to which a guilty plea is being entered and to have the record of the proceedings transcribed immediately. When this is done, what is manifest to the trial judge in rejecting a PCR motion will also be manifest to the appellate judge who has to review the appropriateness of that rejection.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY DENYING POST-CONVICTION *307 RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHICKASAW COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, MYERS and CHANDLER, JJ., CONCUR.