791 So.2d 311 (2001)
Ennis EDGET a/k/a Ennis Edgett Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01502-COA.
Court of Appeals of Mississippi.
July 24, 2001.
*312 Robert T. Laster, Jr., Grenada, Attorney for Appellant.
Office of the Attorney General by W. Glenn Watts, Jackson, Attorney for Appellee.
Before McMILLIN, C.J., BRIDGES, and MYERS, JJ.
MYERS, J., for the Court:
¶ 1. Ennis Edgett was convicted of escape in violation of Miss.Code Ann. § 97-9-49(1) (Rev.2000) and sentenced to five years in the custody of the Mississippi Department of Corrections. Aggrieved, he now appeals to this Court for relief, making one assignment of error. That assignment of error is taken verbatim from Edgett's brief:
I. The Trial Court erred in failing to sustain the motion for a directed verdict at the close of State's case in chief and at the conclusion of trial in that the defendant was a pre-trial detainee and was not under sentence at the time of his escape, therefore, the charge was not under the purview of the statute and the subsequent sentence of the Trial Court was invalid and the defendant could not be sentence under Section 97-9-49(1) of the Mississippi Code of 1972, Annotated.

Finding no error, we affirm.

FACTS
¶ 2. Edgett was incarcerated in the Grenada County Correctional Facility awaiting trial on charges of sale of cocaine and simple assault on a police officer. He escaped from the facility while working in the kitchen area on July 28, 1999.
¶ 3. He was indicted pursuant to Miss. Code Ann. § 97-9-49(1) (Rev.2000). At the close of the State's case, Edgett moved for directed verdict, arguing that because he had not yet been sentenced on the sale of cocaine and simple assault charges, his situation did not fall within the purview of the statute. The trial court denied this motion, finding that it was not necessary for an inmate to be incarcerated pursuant to a conviction in order for the statute to apply. The jury returned a verdict of guilty, and Edgett moved for a judgment notwithstanding the verdict. That motion was denied, and a sentence of five years was rendered.

ANALYSIS
¶ 4. Mississippi Code Annotated § 97-9-49(1) (Rev.2000) provides, in pertinent part, that
whoever escapes or attempts by force or violence to escape from any jail in which he is confined, or from any custody under or by virtue of any process issued under the laws of the state of Mississippi by any court or judge, or from the custody of a sheriff or other peace officer pursuant to lawful arrest, shall, upon conviction, if the confinement or custody is by virtue of an arrest on a charge of felony, or conviction of a felony, be punished by imprisonment in the penitentiary *313 not exceeding five (5) years to commence at the expiration of his former sentence.

Id. (emphasis added). The crux of Edgett's argument is that the wording of this statute renders it inapplicable to his situation. He asserts that the words "to commence at the expiration of his former sentence" make the statute pertinent only in cases where an escapee is subject to a prior sentence. Because he had not been convicted and sentenced on the sale of cocaine and simple assault charges, he argues, the statute does not pertain to him.
¶ 5. In support of this assertion, Edgett cites Williams v. State, 420 So.2d 562 (Miss.1982). In that case, the defendant had been tried and convicted of murder, but had not yet been sentenced when he escaped from custody. Id. at 562. The Mississippi Supreme Court found that the wording of the statute made it applicable only to an escapee who had been sentenced on a felony conviction. Id. at 563. However, this Court has recently held that the statute, as amended, is in fact applicable to escapees who have not yet been convicted and sentenced. Cressionnie v. State, 1999-KA-01522-COA, 2001 WL 268264 (¶ 16) (Miss.Ct.App.2001). As stated in Cressionnie, "[w]hile this language is somewhat troubling in the circumstance where there is no former sentence, ... the plain language preceding that passage making clear that the felony provisions apply to one in custody `by virtue of an arrest on a charge of felony' controls the question." Id. This issue is without merit.
¶ 6. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT OF CONVICTION OF FELONY ESCAPE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING AND CHANDLER, JJ., CONCUR.