856 So.2d 635 (2003)
Anthony Gene COFFEY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-01305-COA.
Court of Appeals of Mississippi.
June 24, 2003.
Certiorari Denied October 30, 2003.
*636 Anthony G. Coffey, Appellant, pro se.
Office of the Attorney General by John R. Henry, Jackson, Attorney for Appellee.
Before McMILLIN, C.J., THOMAS and CHANDLER, JJ.
THOMAS, J., for the Court:
¶ 1. Anthony Coffey, pro se, appeals an order of the Circuit Court of Harrison County denying his petition for post-conviction relief. Aggrieved, Coffey asserts the following issues on appeal:
I. IT WAS A FUNDAMENTAL VIOLATION OF DUE PROCESS AND EQUAL PROTECTION OF LAW, WHEN COFFEY UNKNOWINGLY PLED GUILTY TO AN ESCAPE CHARGE THAT WAS NOT WITHIN THE PURVIEW OF THE STATUTE HE WAS INDICTED UNDER.
II. COFFEY WAS ENTITLED TO A CONCURRENT SENTENCE WHERE THE SENTENCE IMPOSED WAS NOT WITHIN STATUTORY PRESCRIPTION.
III. THE TRIAL JUDGE ERRED IN HIS REVIEW OF COFFEY'S POST-CONVICTION RELIEF PETITION AND MISSISSIPPI STATUTORY AND CASE LAW, THUS DENYING APPROPRIATE RELIEF.
Finding no error, we affirm.

PROCEDURAL HISTORY AND FACTS
¶ 2. Anthony Coffey was indicted for aggravated assault and kidnaping by a grand jury in Harrison County, Mississippi, in March of 2000. While jailed at the Harrison County Detention Facility awaiting trial on these charges on or about May 28, 2000, Coffey escaped custody and was later recaptured. The grand jury indicted Coffey for jail escape in March of 2001. On December 10, 2001, Coffey entered a petition to enter a plea of guilty to the felonies charged against him in both indictments. In his petition, Coffey indicated that he understood that the State would recommend a sentence of seven years on both the aggravated assault and kidnaping counts to be served concurrently, and three years on the escape count to run consecutively with the aggravated assault and kidnaping sentences for a total of ten years. The trial court accepted Coffey's petition and the State's recommendations as to sentence.
¶ 3. On April 23, 2002, Coffey filed a motion for post-conviction collateral relief, *637 asserting that the trial court erred in requiring the sentence imposed upon the escape conviction to be served consecutively to the two for aggravated assault and kidnaping. On July 15, 2002, the Circuit Court of Harrison County denied relief on Coffey's motion. Coffey then perfected an appeal to this Court.

ANALYSIS

I. WAS IT A FUNDAMENTAL VIOLATION OF DUE PROCESS AND EQUAL PROTECTION OF LAW, WHEN COFFEY UNKNOWINGLY PLED GUILTY TO AN ESCAPE CHARGE THAT WAS NOT WITHIN THE PURVIEW OF THE STATUTE HE WAS INDICTED UNDER?
¶ 4. Coffey asserts that he was indicted under Miss.Code Ann. Section 97-9-49(1) (Rev.2000), which provides:
Whoever escapes or attempts by force or violence to escape from any jail in which he is confined, or from any custody under or by virtue of any process issued under the laws of the State of Mississippi by any court or judge, or from the custody of a sheriff or other peace officer pursuant to lawful arrest, shall, upon conviction, if the confinement or custody is by virtue of an arrest on a charge of felony, or conviction of a felony, be punished by imprisonment in the penitentiary not exceeding five (5) years to commence at the expiration of his former sentence, or, if the confinement or custody is by virtue of an arrest of or charge for or conviction of a misdemeanor, be punished by imprisonment in the county jail not exceeding one (1) year to commence at the expiration of the sentence which the court has imposed or which may be imposed for the crime for which he is charged.
Coffey asserts that since he was being held as a pre-trial detainee and there was no "former sentence" as stated in the statute, Section 97-9-49(1) can not apply and his guilty plea was therefore unknowingly given.
¶ 5. Coffey failed to raise this issue before the trial court. "[T]he law is well settled `that the failure to raise an issue in the trial court requires [the appellate court] to impose a procedural bar on appeal.'" Mosley v. State, 832 So.2d 589, 593(¶ 17) (Miss.Ct.App.2002)(quoting Evans v. State, 725 So.2d 613, 638(¶ 48) (Miss.1997)). Notwithstanding the procedural bar, Coffey clearly stated in his petition to enter a plea that he knew the sentence for escape would be consecutive to the sentences for aggravated assault and kidnaping.
¶ 6. Coffey relies on the case of Williams v. State, 420 So.2d 562 (Miss. 1982), where the Mississippi Supreme Court held that where the defendant escaped prior to his sentencing, he was not subject to any "former sentence" and thus the escape was not within the purview of the statute. As pointed out by the trial court, Williams was decided on a version of the statute which is no longer in existence. In Cressionnie v. State, 797 So.2d 289 (Miss.Ct.App.2001), the defendant raised a similar question arguing that his indictment for felony escape was incorrect and at the most he should have been indicted for misdemeanor escape because he was being held on pending charges at the time of his escape. The defendant also relied on Williams for his argument. In Cressionnie, this Court noted that the Mississippi Legislature repealed Section 97-9-51 and substantially amended Section 97-9-49. Cressionnie, 797 So.2d at 293(¶ 15). The revised section provides that if a prisoner is being held on felony charges, whether he has been convicted or not, then an escape may be punished by a term not to exceed five years in the penitentiary. *638 Id. (citing Miss.Code Ann. Section 97-9-49(1) (Rev.1994)). This issue is without merit.

II. WAS COFFEY ENTITLED TO A CONCURRENT SENTENCE WHERE THE SENTENCE IMPOSED WAS NOT WITHIN STATUTORY PRESCRIPTION?
¶ 7. Coffey asserts that in the event his escape is subject to Section 97-9-49(1), his sentence must run concurrently to his other sentences rather than consecutively. Coffey cites Cressionnie, 797 So.2d at 289, in support of his position, because this Court stated that "the logical conclusion is that a defendant convicted of felony escape who was, at the time of his escape, not the subject of a prior sentence may simply have his sentence for the escape begin to run immediately rather than have to await the completion of another sentence." Id. at 294(¶ 16).
¶ 8. Coffey also cites Ward v. State, 708 So.2d 11 (Miss.1998). In Ward, the defendant was given a deal by the local sheriff where he would be released from jail in order to participate in an undercover drug deal but was supposed to appear for trial at a designated date. Ward, 708 So.2d at 12(¶ 3). The defendant instead left the state for four days, but was later apprehended and charged with escape. Id. He pled guilty to escape as well as to sale of cocaine, which he was being held for at the time he was released for the undercover operation and was sentenced to fifteen years for the sale of cocaine and five years on the escape charge. Id. at (¶ 4). The Mississippi Supreme Court reversed the five-year sentence on the escape conviction because under Miss.Code Ann. Section 97-9-49(2), six months is the maximum sentence for someone who is allowed to leave custody and fails to return as stipulated. Id. at (¶ 12-13).
¶ 9. The Court included the statement that if Ward's escape sentence was valid, "it would necessarily have to run concurrently with Ward's sentence for sale of cocaine since he was a pretrial detainee with no original sentence at the time of escape." Id. at (¶ 13). The Court did not cite any prior authority for this statement, and admitted that "further discussion is not warranted" because they held that "both convictions were defective and that the escape sentence is illegal." Id. Instead, the Court based this statement on an interpretation of Section 97-9-49 which appears to blend Section 97-9-49(1) with Section 97-9-49(2). The Court states, "[i]n addition, as Section 97-9-49(1) indicates, Ward is not eligible for a consecutive sentence because, as a pretrial detainee, he was not being confined in jail at the time of his escape under an "original sentence" as described in the statute." Id. at (¶ 14). The Court follows this statement with a direct quote from Section 97-9-49(2) which refers to an "original sentence," which is not found in the language of Section 97-9-49(1). Id. Section 97-9-49(1) instead uses the language "to commence at the expiration of his former sentence" and ends with "or which may be imposed for the crime for which he is charged." Miss.Code Ann. Section 97-9-49(1) (Rev.2001).
¶ 10. Whether or not a sentence is to be served concurrently or consecutively is clearly within the discretion of the trial judge according to Miss.Code Ann. 99-19-21(1), which states:
(1) When a person is sentenced to imprisonment on two (2) or more convictions, the imprisonment on the second, or each subsequent conviction shall, in the discretion of the court, commence either at the termination of the imprisonment for the preceding conviction or run concurrently with the preceding conviction.
Miss.Code Ann. Section 99-19-21(1) (Rev. 2001). When compared to the confusing *639 dicta found in Ward, Section 99-19-21(1) is clear. Lacking any other authority to support Coffey's position, this issue is without merit.

III. DID THE TRIAL JUDGE ERR IN HIS REVIEW OF COFFEY'S POST-CONVICTION RELIEF PETITION AND MISSISSIPPI STATUTORY AND CASE LAW, THUS DENYING APPROPRIATE RELIEF?
¶ 11. Coffey alleges that the trial judge erred in reviewing his petition for post-conviction relief and in interpreting Mississippi statutory and case law. Specifically, Coffey asserts that the trial judge can not use Section 99-19-21(1) as a "catch all" in order to sentence him to consecutive sentences and that the trial judge erred in distinguishing Williams and Ward. Instead, it is Coffey who attempts to use his third issue as a "catch all" to rehash the arguments he brought forth in his first two issues. As displayed in the discussion of the issues above, this Court is not persuaded by Coffey's arguments. The trial judge sentenced Coffey within the boundaries of Section 97-9-49(1). The sentence did not exceed the maximum allowed by law and was not contrary to public policy. This issue is without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER and GRIFFIS, JJ., CONCUR.