CHANDLER, J.,
for the Court.
¶ 1. Adrian Smith, pro se, appeals an order of the Circuit Court of Copiah County denying his petition for post-conviction relief. In his appeal, Smith asserts the following errors:
1. WHETHER THE TRIAL COURT ERRED IN ALLOWING SMITH TO ENTER A GUILTY PLEA UNDER THE WRONG STATUTE WHICH RESULTED IN AN EXCESSIVE SENTENCE.
2. WHETHER SMITH RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 2. Finding no merit to Smith’s argument, we affirm the ruling of the trial court.
PROCEDURAL HISTORY AND FACTS
¶ 3. Smith was in jail awaiting trial for armed robbery. On September 19, 2001, Smith abandoned his work detail at the jail. He was apprehended three months later on December 12, 2001. On February 7, 2002, he was indicted for the offense of escape in violation of Mississippi Code Annotated Section 97-9-49(1) (Supp.2001).[1] Smith entered pleas of guilty to armed robbery and escape on March 4, 2002. He was sentenced to serve four years in the custody of the Mississippi Department of Corrections for the armed robbery charge and two years on the escape charge with the sentences to run consecutively.
¶ 4. Approximately a year after the entry of his voluntary pleas of guilty, Smith filed a motion for post-conviction collateral relief seeking to vacate his guilty plea to the escape charge claiming he received ineffective assistance of counsel. In his motion, Smith argued that the two year sentence for escape under 97-9-49(1) was erroneous because his escape was not the result of force or violence. He claimed he simply walked away from the work detail, so he should have been sentenced pursuant to Section 97-9-49(2) which carries a maxi *1043 mum punishment of six months’ imprisonment. The trial court dismissed Smith’s pro se petition for post-conviction relief for failure to provide any basis for the motion.
LAW AND ANALYSIS
1. WHETHER THE TRIAL COURT ERRED IN ALLOWING SMITH TO ENTER A GUILTY PLEA UNDER THE WRONG STATUTE WHICH RESULTED IN A EXCESSIVE SENTENCE.
¶ 5. The Mississippi Uniform Post Conviction Collateral Relief Act provides the exclusive and uniform procedure for the collateral review of convictions and sentences in this state. Walker v. State, 555 So.2d 738, 741 (Miss.1990). Under Mississippi Code Annotated Section 99-39-5 (Supp.2003), a claim for post-conviction relief may be filed by an inmate in custody within three years of (1) a resolution of the direct appeal, or (2) within three years after the time for appeal has expired. Wright v. State, 821 So.2d 141(¶ 3) (Miss.Ct.App.2000). Mississippi Code Annotated Section 97-9-49(1) (Supp.2001), provides:
(1)Whoever escapes or attempts by force or violence to escape from any jail in which he is confined, or from any custody under or by virtue of any process issued under the laws of the State of Mississippi by any court or judge, or from the custody of a sheriff or other peace officer pursuant to lawful arrest, shall, upon conviction, if the confinement or custody is by virtue of an arrest on a charge of felony, or conviction of a felony, be punished by imprisonment in the penitentiary not exceeding five (5) years to commence at the expiration of his former sentence, or, if the confinement or custody is by virtue of an arrest of or charge for or conviction of a misdemean- or, be punished by imprisonment in the county jail not exceeding one (1) year to commence at the expiration of the sentence which the court has imposed or which may be imposed for the crime for which he is charged.
(2) Anyone confined in any jail who is entrusted by any authorized person to leave the jail for any purpose and who willfully fails to return to the jail within the stipulated time, or after the accomplishment of the purpose for which he was entrusted to leave, shall be an escapee and may be punished by the addition of not exceeding six (6) months to his original sentence.
¶ 6. Smith argues that the trial court committed error when it imposed upon him a two year sentence for escape under Mississippi Code Annotated Section 97-9-49(1). Smith asserts that he should have been sentenced under Mississippi Code Annotated Section 97-9^49(2) which carries a maximum sentence of six months’ imprisonment because his escape was not a result of force or violence. Case law defies Smith’s argument.
¶ 7. In Miller v. State, 492 So.2d 978, 981 (Miss.1986), the defendant argued the State must prove “force or violence” as an element of the offense of escape under Section 97-9-49(1). The supreme court held otherwise. Id. “The statute provides for two offenses: escape and attempted escape. First, escape, without adjectival qualification, is made unlawful. Then,.attempts at escape “by force or violence” are made unlawful. The “force or violence” wording in the statute refers only to attempted escape and not to the separate and distinct offense of escape, properly so called.” Id. In Edget v. State, 791 So.2d 311, 312(¶ 5) (Miss.Ct.App.2001), the Court held that Section 97-9-49(1) is applicable to escapees who have not yet been convicted and sentenced.
*1044 ¶ 8. Smith admits that while incarcerated on a pending felony charge of armed robbery, he walked away from his work detail in order to escape from jail. These facts establish that Smith was guilty of escape under Section 97-9-49(1). The trial court did not err in accepting Smith’s guilty plea under Section 97-9-49(1).
¶ 9. Smith also argues that the armed robbery and escape sentences imposed upon him should have run concurrently because he was a pre-trial detainee at the time of his escape. Smith relies on Williams v. State, 420 So.2d 562, 563 (Miss.1982), in which the Mississippi Supreme Court held that if the defendant escaped prior to his sentencing, he was not subject to any “former sentence” and thus the escape was not within the statute. However, Williams was decided on a different version of the statute which is no longer in existence.
¶ 10. Smith also relies incorrectly on Ward v. State, 708 So.2d 11 (Miss.1998). In Ward, the defendant was given a deal by the sheriff where he would be released from jail in order to participate in an undercover drug deal but was supposed to appear for trial at a designated date. Ward, 708 So.2d at 12(¶ 3). The defendant left the state for four days without permission. He was later apprehended and charged with escape. Id. He pled guilty to escape as well as to the sale of cocaine, the crime for which he was being held at the time he was released to participate in the undercover operation. Id. at (¶ 4). Ward was sentenced to fifteen years for the sale of cocaine and five years on the escape charge. The Mississippi Supreme Court reversed the five-year sentence on the escape conviction because under Mississippi Code Annotated Section 97-9-49(2), six months is the maximum sentence for someone who is allowed to leave custody and fails to return as stipulated. Id. at (¶¶ 12-13). The court stated that if Ward’s escape sentence was valid, “it would necessarily have to run concurrently with Ward’s sentence for sale of cocaine because he was a pretrial detainee with no original sentence at the time of escape.” Id. at (¶ 13).
¶ 11. In Coffey v. State, 856 So.2d 635, 638 (¶ 10) (Miss.Ct.App.2003), this Court found that it was within the discretion of the trial judge to impose concurrent or consecutive sentences on a defendant who had escaped from prison while awaiting charges on aggravated assault and kidnap-ing. The defendant relied on Ward for the authority that a concurrent sentence should be imposed on a pre-trial detainee with no original sentence at the time of escape. This Court expressly rejected this argument and held:
Whether or not a sentence is to be served concurrently or consecutively is clearly within the discretion of the trial judge according to Mississippi Code Annotated. Section 99-19-21(1), which states:
(1) When a person is sentenced to imprisonment on two (2) or more convictions, the imprisonment on the second, or each subsequent conviction shall, in the discretion of the court, commence either at the termination of the imprisonment for the preceding conviction or run concurrently with the preceding conviction.
Coffey, 856 So.2d at (¶ 10). Like the other cases on which Smith relies, Ward is easily distinguishable from the facts in his case. Smith’s argument is without merit.
2. WHETHER SMITH RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 12. Smith argues that he received ineffective assistance of counsel, claiming his attorney failed to inform him that he *1045 was pleading guilty under the wrong criminal statute. He alleges this misinformation resulted in a longer prison sentence being imposed on him than was warranted. This Court’s finding that Smith was properly sentenced by the trial court under Section 97-9-49(1) renders his argument meritless.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY SUMMARILY DISMISSING THE MOTION FOR POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND GRIFFIS, JJ„ CONCUR. IRVING, J., CONCURS IN RESULT ONLY.

. 97-9-49(2) was amended in 2002 and provides that a person shall be subject to the same penalties as subsection one.