641 So.2d 1163 (1994)
Aaron James GIBSON
v.
STATE of Mississippi.
No. 92-KP-0295.
Supreme Court of Mississippi.
August 4, 1994.
Aaron James Gibson, pro se.
*1164 Michael C. Moore, Atty. Gen., Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PRATHER, P.J., and BANKS and SMITH, JJ.
BANKS, Justice, for the Court:
Here we once again confront an attack on a guilty plea where the record fails to reflect that the defendant was informed of the maximum and minimum penalties for the offense. Based on the allegations in the petition, however, we are able to determine that the error was harmless beyond a reasonable doubt.

I
On January 10, 1990, Aaron James Gibson was convicted of armed robbery and sentenced to a term of fifteen years imprisonment. Two days later he came before the court on an unrelated armed robbery charge to enter a plea. Gibson's attorney was present at the proceeding. In exchange for Gibson's guilty plea, the prosecutor recommended that Gibson be allowed to serve his sentence on the armed robbery charge concurrently with his 15-year sentence for the January 10 armed robbery conviction and agreed to drop a forgery charge against Gibson. In addition to the plea, Gibson agreed to waive his right to appeal his January 10 armed robbery conviction.
During the plea colloquy, the trial judge informed Gibson as to his procedural rights and told Gibson that he would be required to serve the first ten years of the armed robbery conviction, day for day, without earning good time or the possibility of parole, before he would become eligible for parole and/or earn good time. While the trial judge was explaining the terms of Gibson's sentence, Gibson interrupted him and asked whether he would have to serve ten years without the possibility of parole, if the judge ordered him to serve the sentences concurrently. He was informed that that was the case:
Q. All right, as counsel has just advised, on an armed robbery charge you are required to serve the first ten years of any sentence as he indicated, day for day. In other words, you are not eligible for good time, or parole, or anything else. And after the ten years, you then begin earning good time and become eligible for parole after serving whatever portion of the remaining sentence is required to be served to earn eligibility for parole.
Do you understand what I'm saying?
A. Yes, sir.
Q. In other words, on the sentence I've already imposed, you will be required to serve ten years. After serving ten years, on the remaining five years of your sentence you begin after that ten years earning good time on that five years that remained and may become eligible for parole after serving whatever portion of that five years as required by law.
A. Even on this concurrent sentence it still would just be that ten years mandatory requirement, right?
Q. Well, if I 
BY MR. FRISBIE: If he sentences you 
Q. If I sentence you to a concurrent sentence, then you would be serving both at the same time, that's correct.
Later, the judge asked Gibson:
Q. Do you also understand that if you are convicted on this second armed robbery charge, the Court could give you a lengthy sentence to run consecutive to or after you serve the sentence you already had.
The trial judge informed Gibson of his right to a trial by jury, his right to call and cross-examine witnesses, his right to testify on his own behalf and of his right to appeal, should he be convicted. Simultaneously, the trial judge informed Gibson of his right to appeal his armed robbery conviction. The prosecutor then stated a factual basis for the charge. Following a summary of the charge, Gibson informed the trial judge that he wanted to plead guilty as charged to avoid the risk of consecutive sentences. The court accepted Gibson's plea as "knowingly, and freely and voluntarily entered" and sentenced him to 15 years to be served concurrently with a sentence that had already been imposed. However, *1165 no mention was ever made by the trial court of the maximum and mandatory minimum sentence that it could impose against Gibson.
On January 13, 1992, Gibson filed his motion for post-conviction relief, seeking to set aside his guilty plea and sentence. He alleged that he had not been informed of the minimum and maximum sentences and that his attorney told him that the minimum was ten years and that "if he appealed his first conviction and the first sentence would be vacate (sic), he would still have 10 years to serve on the 2nd sentence and there was therefore no reason to appeal the first conviction, timewise." The trial court, ruling summarily, termed the failure to inform Gibson of the maximum and minimum sentences available as "immaterial" because Gibson was informed that he could get a "lengthy" sentence and he acknowledged that the plea was knowing and voluntary in return for a concurrent sentence and for dropping the forgery charge.
Gibson appeals from that disposition, asserting the following as error:
1. WHETHER THE PLEA OF GUILTY ENTERED IN THIS CASE ON JANUARY 12, 1990, WAS INVOLUNTARY, AS A MATTER OF LAW, SINCE THE TRIAL COURT DID NOT ADVISE APPELLANT OF THE MAXIMUM OR THE MANDATORY MINIMUM PENALTY AUTHORIZED BY THE ARMED ROBBERY STATUTE?
2. WHETHER THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN EVIDENTIARY HEARING ON THE POST CONVICTION RELIEF MOTION BEFORE SUMMARILY DISMISSING SUCH MOTION?

II
Gibson argues that his guilty plea was involuntary as a matter of law, because the trial judge failed to inform him of the mandatory minimum or maximum sentence which could be imposed. Gibson cites Vittitoe v. State, 556 So.2d 1062 (Miss. 1990), Mallett v. State, 592 So.2d 524 (Miss. 1991) and Miss. Unif.Crim. Rule of Cir.Ct. Practice 3.03 to support his contention. Additionally, Gibson contends that his plea did not comply with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
Gibson's argument has merit. In Vittitoe, this Court held that "the Circuit Court's failure to observe the rule's mandate at the plea hearing renders Vittitoe's plea involuntary as a matter of law." Vittitoe, 556 So.2d at 1065. We reversed and restored Vittitoe's plea of not guilty to the indictment for armed robbery.
Following our holding in Vittitoe, we reversed the trial court's denial of post-conviction relief in Mallett because the record failed to show that Mallett was informed of both the minimum and maximum sentences which the court could impose. 592 So.2d at 525. Under such circumstances, we were "obliged to reverse the judgment below, vacate Mallet's guilty pleas, and remand to the Circuit Court of Attala County for such further proceedings as may be appropriate." Id. Citing Wilson v. State, 577 So.2d 394, 397 (Miss. 1991); Vittitoe v. State, 556 So.2d 1062, 1063-65 (Miss. 1990); Unif.Crim.R.Cir. Ct.Prac. 3.03.
Rule 3.03(3)(B), Miss.Unif.Crim.R.Cir.Ct. Prac. (1979, as amended) provides:
Advice to the Defendant. When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
* * * * * *
B. That the accused understands the nature and consequences of his plea, and the maximum and minimum penalties provided by law; ... .
It is clear from the record that the trial judge failed to inform Gibson that the maximum sentence that could be imposed for armed robbery was life by a jury or a period of years less than life by the court, while the minimum sentence was not less than three years. Miss. Code Ann. 1972 § 97-3-79 (Supp. 1993).
Despite that, the trial judge in his order stated:
The Court fully informed Petitioner of his right to a trial by a jury. In view of the *1166 fact that Petitioner had gone to trial in No. 21,043 only 2 days prior to entry of the plea in No. 21,044, it was obvious that Petitioner, unless he had become an imbecile in the two intervening days, knew exactly what his rights were.
The transcript of the plea reflects that the Court did not inform Petitioner of the maximum sentence authorized by law, and that fact is entirely immaterial to the question of the voluntariness of Petitioner's plea. Petitioner was informed that the Court had the right to impose a consecutive sentence, and as only a jury can impose a life sentence upon conviction of a charge of armed robbery, the Court correctly informed Petitioner that it could impose a lengthy sentence.
The trial court is wrong in its assertion that information as to the maximum and minimum sentence is immaterial to voluntariness. That assertion is in direct conflict with this Court's holding in Vittitoe. While the trial court suggests that Gibson may have been aware of his rights from another source, there is nothing included in this record in support of that conclusion.
The failure of the court to inform an accused of the maximum sentence will not ipso facto invalidate the plea, however. Automatic invalidation of a guilty plea is no longer the rule. Smith v. State, 636 So.2d 1220 (Miss. 1994) citing Gaskin v. State, 618 So.2d 103, 108 (Miss. 1993). In Gaskin this Court held that the trial court's failure to correctly advise the defendant of the applicable minimum and maximum sentences was harmless error, where it is shown that the defendant was correctly informed by another source. Moreover, we have held that the failure to inform a defendant of a minimum sentence will not result in vacating the sentence where it appears beyond a reasonable doubt that the plea would have been entered even if the minimum sentence were known. Smith v. State, 631 So.2d 778 (Miss. 1994); Sykes v. State, 624 So.2d 500 (Miss. 1993).
On the record before us, we cannot conclude that Gibson was aware of the minimum or the maximum sentence from other sources. We are able to conclude, however, that his primary concern was that his sentences be concurrent, that is, that there be no difference "timewise." His allegation that he was told that there was a minimum sentence of ten years and that, should he appeal the first conviction, he would still have the ten years to serve, is circular, if it is asserted as a reason for entering the plea. Obviously, he would have no second sentence unless he entered the plea. He was clearly aware that he had a right to put the state to trial on the second charge and continue to appeal the first charge. If it was his intent to enter a plea to the second charge in any event, his assertion goes more to his waiver of appeal than to the instant plea. Moreover, if he thought that the minimum was ten and he knew from his previous sentence that he could get as much as fifteen, his lack of knowledge that the minimum was in fact three could hardly have induced his open plea. The failure of the court to inform Gibson of the minimum and maximum sentence played no role in his decision to enter a plea.
For the foregoing reasons we affirm.
LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
PITTMAN, J., not participating.