763 So.2d 909 (2000)
Bennie WALLACE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-00628-COA.
Court of Appeals of Mississippi.
June 27, 2000.
*910 Bennie Wallace, Appellant, pro se.
Office of the Attorney General by Mike Moore, Jean Smith Vaughan, Attorneys for Appellee.
BEFORE KING, P.J., PAYNE, AND THOMAS, JJ.
KING, P.J., for the Court:
¶ 1. Bennie Wallace (Wallace) perfected this appeal from an order denying post-conviction relief entered by the Circuit Court of Quitman County, Mississippi. Wallace was sentenced to serve three life sentences for capital rape and ten years for attempted capital rape. These sentences were to be served concurrently in the custody of the Mississippi Department of Corrections. The following allegations of error are taken verbatim from appellant's brief: (1) whether trial court erred in it's denial of appellant to [sic] withdrawal of guilty plea or enforce plea agreement; and (2) whether appellant's trial counsel [sic] render effective assistance of counsel.

FACTS
¶ 2. On August 16, 1994, the Grand Jury of Quitman county indicted Wallace for one count of capital rape and one count of attempted capital rape of a girl under the age of fourteen. At the same time, Wallace was indicted for two counts of capital rape of another girl who, was also under the age of fourteen. In open court on August 18, 1994, Wallace withdrew his not guilty plea and pled guilty to all charges. The trial court judge then questioned Wallace extensively to determine whether his plea was made freely, knowingly, voluntarily and with understanding. Under oath, Wallace testified that he was not under the influence of any intoxicants and had not received any promises or threats which induced him to plead guilty. The charges were read, and Wallace testified that he understood the nature of all charges and had in fact committed all four crimes.
¶ 3. The state recommended that Wallace be sentenced to concurrent terms of life imprisonment under the supervision and control of the Mississippi Department of Corrections for the three counts of capital rape. The state recommended that Wallace be sentenced to ten years, to run concurrent with the previous sentences, under the supervision and control of the Mississippi Department of Corrections for the attempted capital rape. Wallace was then questioned by the trial court judge to determine if he understood that these were the maximum sentences allowable. The court indicated it was not bound by the recommendations of the state, and did not have to make the sentences run concurrently, but could instead make them run consecutively. Wallace again stated that he understood and still wished to plead guilty. The trial judge informed Wallace that a guilty plea would waive his right to a jury trial, other constitutional protections and an appeal of his conviction to the supreme court. Wallace stated that he understood that a guilty plea waived those rights.
*911 ¶ 4. Wallace's attorney was then questioned to determine whether he had advised Wallace of the elements of the charges, the proof necessary for a conviction, maximum and minimum sentences, and whether he had advised Wallace to answer truthfully during the procedure. His attorney answered in the affirmative. He also stated that Wallace did not appear to be intoxicated or under the influence of any drugs. The court again questioned Wallace concerning the services provided by his attorney. Wallace testified that he did not have any problems with the services and advice he had received. Having acknowledged this, Wallace again indicated a desire to plead guilty. The court accepted Wallace's plea of guilty to three counts of capital rape and one count of attempted capital rape. Wallace waived the pre-sentence investigation. However, sentencing was deferred until the September court term. On September 12, 1994, Wallace was sentenced to three life sentences for capital rape and ten years for attempted capital rape with all sentences to run concurrently.
¶ 5. In December 1996, Wallace filed a "Motion to Vacate and Set Aside Conviction and Sentence Pursuant to Post Conviction Relief" with the Quitman County Circuit Court. The motion was denied on March 3, 1999 without an evidentiary hearing. After reviewing the court files, records and transcripts, the court found that Wallace was not entitled to any relief. Wallace, aggrieved with the court's ruling, perfected this appeal.

ANALYSIS AND DISCUSSION OF THE LAW

I.
Whether trial court erred in it's denial of appellant to [sic] withdrawal of guilty plea or enforce plea agreement.
¶ 6. Wallace contends that his guilty plea was neither intelligently, knowingly nor voluntarily given. Wallace contends that he is entitled to post conviction relief because he was not advised of the minimum sentence available for capital rape and attempted capital rape.
¶ 7. Wallace's plea of guilty was taken pursuant to Rule 8.04(A)(4), Miss. Unif. Crim.R.Cir.Ct. Prac. which provides:
Advice to the Defendant. When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
* * * * * *
B. That the accused understands the nature and consequences of his plea, and the maximum and minimum penalties provided by law,....
¶ 8. The rule clearly mandated that a defendant be informed of the maximum and minimum sentencing option available to the trial court.
¶ 9. Section 97-3-65 Miss. Code Ann. (Rev.1994)[1] under which Wallace was indicted and sentenced, states "every person eighteen (18) years of age or older who shall be convicted of rape by carnally and unlawfully knowing a child under the age of fourteen (14) years, upon conviction, shall be sentenced to death or imprisonment for life in the State Penitentiary." Section 97-3-65 does not allow any judicial discretion in sentencing for defendants eighteen years and over. The trial court judge was limited to imposing a sentence of life in prison for Wallace. Only a jury could sentence Wallace to death. Therefore, the only sentence available for a guilty plea to capital rape was life imprisonment.
¶ 10. Section 97-1-7 Miss. Code Ann. (Supp.1999) establishes sentences for attempted *912 capital offenses. It provides that the sentence for an attempted capital offense shall not exceed ten years in length. The Mississippi Supreme Court has held it to be harmless error when the trial court fails to advise the defendant of the minimum and maximum sentences if it can be shown that the defendant was "correctly informed from another source." Gibson v. State, 641 So.2d 1163, 1166 (Miss.1994). The transcript of the plea hearing indicates that Wallace was advised by his attorney of the minimum and maximum sentence available for a guilty plea. This assignment of error is without merit.

II.
Whether appellant's trial counsel [sic] render effective assistance of counsel.
¶ 11. Wallace argues that he did not receive effective assistance of counsel because he was not informed of the elements necessary to prove capital rape and attempted capital rape. Wallace also contends that he was advised by his counsel to answer negatively when asked if his guilty plea was the result of a promise of leniency in sentencing. Wallace states that he believed that his attorney had made a deal with the district attorney and therefore relied on the advice of his attorney. Wallace asserts if not for that advice, he would not have pled guilty to capital rape and attempted capital rape.
¶ 12. The standard to apply in examining an ineffective assistance of counsel claim is found in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Mississippi Supreme Court has applied the standards found in Strickland to determine state ineffective assistance of counsel claims. Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984). A defendant must show that his attorney's performance was so deficient and prejudicial that he was deprived of a fair trial. Id. at 687-88, 104 S.Ct. 2052. A strong but rebuttable presumption exists that "counsel's conduct falls within a broad range of reasonable professional assistance." McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). To overcome this presumption, Wallace "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Additionally, Wallace must overcome the presumption that his attorney's decisions were strategic in nature rather than negligent. Handley v. State, 574 So.2d 671, 684 (Miss.1990). Wallace must therefore prove both deficient performance and prejudicial effect in order to receive relief. Strickland, 466 U.S. at 687-688, 104 S.Ct. 2052.
¶ 13. As to Wallace's allegations of coerced perjury, there simply is no proof in the record before us to support this contention. Even if proof existed, Wallace must still establish that he would have received a different outcome. A conviction of capital rape whether by plea or by jury verdict at the minimum would still carry the same penalty, life imprisonment. The transcript from the plea hearing does not indicate that Wallace would have withdrawn his plea and faced a possible death sentence instead. Wallace testified at the plea hearing that he was satisfied with the services of his attorney. He did not voice any concerns nor did he make any reference to his dissatisfaction. This testimony was subsequent to Wallace hearing the sentencing recommendations by the prosecution. He had an opportunity at that time to raise any questions or request clarification of any information heard during the hearing. Surely if Wallace expected a lenient sentence he should have questioned the sentencing recommendations at the time of the hearing. The record does not indicate that Wallace would have received a different outcome but for his attorney's actions.
¶ 14. Wallace, citing Sanders v. State, 440 So.2d 278 (Miss.1983) as authority, suggests that he should be allowed to withdraw his plea. In Sanders, the defendant *913 claimed that he did not make a knowing or intelligent plea because his attorney did not advise him of the elements of proof and advised him to answer in the negative when asked if he was making his plea in anticipation of receiving a reduced sentence. The Mississippi Supreme Court found that the defendant was entitled to an evidentiary hearing on the merits of his claim. However, the old circuit and county court rule 8.07 used in Sanders to request post conviction relief is no longer the law. Post conviction relief is now governed by the Mississippi Uniform Post-Conviction Collateral Relief Act which was enacted in 1984, one year after the Sanders decision. It is this statute that governs Wallace's request for post conviction relief.
¶ 15. Section 99-39-9 Miss. Code Ann. (Rev.1994) requires motions for post conviction relief to include affidavits which state facts and how or by whom these facts will be proven. If the motion does not conform to this standard, then the court may dismiss the motion. § 99-39-11 Miss. Code Ann. (Supp.1999). Wallace's motion for post conviction relief did not contain an affidavit, or the names of his anticipated witnesses and/or the substance of their testimony. Nor were affidavits submitted by these witnesses. Wallace provided only general statements in his motion not specific facts as required by § 99-39-9 Miss. Code Ann. (Rev.1994). The trial court judge was not in error in dismissing Wallace's motion.
¶ 16. THE ORDER OF THE CIRCUIT COURT OF QUITMAN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. QUITMAN COUNTY IS TAXED WITH ALL COST OF THIS APPEAL.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.
NOTES
[1] This section was revised in 1998. The death penalty is no longer an applicable sentence for statutory rape.