PROCEDURAL HISTORY AND FACTS
PAYNE, J.,
for the Court:
¶ 1. Kenyatta Bronson was seventeen years old when he was indicted for the offense of armed robbery. On December 5, 1996, Bronson pled guilty to such offense, and a Yazoo County Circuit Court judge found him guilty of armed robbery. Bronson was sentenced to serve twenty years with the Mississippi Department of Corrections, with three years suspended. Bronson filed a petition to set aside his guilty plea, claiming his counsel was ineffective, and that the trial court failed to consider sentencing alternatives pursuant to the Mississippi Youth Court Act. After a hearing on the matter, such petition was denied. Aggrieved of such denial, Bronson now appeals to this Court.
¶2. Having reviewed the record and transcript, we find that Bronson’s guilty plea was not knowingly entered since the judge failed to apprize him of the minimum sentence, the petition to enter his guilty plea contained incorrect and misleading information, and his attorney gave him reason to believe that he could possibly get off without serving any jail time, when in reality the minimum sentence for his crime was three years. Accordingly, we reverse and remand on this issue. Bronson also argues that the circuit court did not have jurisdiction over this matter. However, as further described in this opinion, this contention is without merit, so we affirm on this issue.
ANALYSIS OF THE ISSUES PRESENTED
STANDARD OF REVIEW
¶ 3. Appellant Kenyatta Bronson, raises the following issues with this appeal:
I. THE TRIAL COURT ERRED IN FAILING TO FIND THAT BRONSON WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WITHIN THE MEANING OF STRICKLAND v. WASHINGTON, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), AND ITS PROGENY.
II. THE ERRORS AND OMISSIONS OF THE TRIAL JUDGE AT THE PLEA AND SENTENCING HEARING AND AT THE SUBSEQUENT HEARING ON BRONSON’S PETITION FOR POST-CONVICTION RELIEF RESULTED IN THE DENIAL OF THE FUNDAMENTAL CONSTITUTIONAL RIGHTS AS GUARANTEED UNDER RELEVANT PROVISIONS OF THE UNITED STATES AND MISSISSIPPI CONSTITUTIONS.
¶ 4. With both of these issues, Bronson argues he was prejudiced by his counsel’s failure to fully inform him of his fundamental rights. Mississippi has adopted the Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), standard of review regarding claims of ineffective assistance of counsel:
*1085 The two inquiries which must be made under that standard are “(1) whether counsel’s performance was deficient, and, if so, (2) whether the deficient performance was prejudicial to the defendant in the sense that our confidence in the correctness of the outcome is undermined.” This standard applies to the entry of a guilty plea.
Wilson v. State, 577 So.2d 394, 396 (Miss.1991) (citations omitted).
DISCUSSION OF THE ISSUES
I. THE TRIAL COURT ERRED IN FAILING TO FIND THAT BRONSON WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WITHIN THE MEANING OF STRICKLAND V. WASHINGTON, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), AND ITS PROGENY.
¶ 5. With this first issue, Bronson argues that neither his attorney nor the judge informed him that the minimum sentence for his crime was three years. Rather, Bronson argues that his attorney told him if he pled guilty, he would probably receive a suspended sentence. Bronson also argues that since he was only seventeen and a youthful offender, he should have been sentenced in accordance with the Mississippi Youth Court Act. Bronson cites the familiar case of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), concerning ineffective assistance of counsel. In so doing, Bronson claims he was prejudiced by what he perceives as his counsel’s deficient performance. Bronson cites to several cases where the failure of the court to inform the defendant of his maximum and minimum sentences resulted in reversal. See Ward v. State, 708 So.2d 11 (¶ 31) (Miss.1998) (“Ward appears to have been wholly unaware of the large sentence to which he was exposed on the sale of cocaine charge; thus, we cannot conclude beyond a reasonable doubt that Ward would have pled guilty, as he did, had he known the maximum sentence to which he was exposed.”); Mallett v. State, 592 So.2d 524, 525 (Miss.1991) (trial court’s failure to apprize defendant of the maximum and minimum sentences which could be imposed rendered defendant’s guilty pleas involuntary); Vittitoe v. State, 556 So.2d 1062, 1064-65 (Miss.1990) (defendant charged with armed robbery pled guilty not being apprized that the mandatory minimum sentence as set by statute was three years imprisonment).
¶ 6. “The Mississippi Supreme Court has held it to be harmless error when the trial court fails to advise the defendant of the minimum and maximum sentences if it can be shown that the defendant was ‘correctly informed from another source.’ ” Wallace v. State, 763 So.2d 909 (¶ 10) (Miss.Ct.App.2000) (quoting Gibson v. State, 641 So.2d 1163, 1166 (Miss.1994)). However, as further described, we do not find that Bronson was “correctly informed from another source.” In fact, at the guilty plea hearing, the judge failed to state in her questioning of Bronson what the minimum penalty was, and Bronson’s attorney misled him into thinking there was no minimum sentence.
¶ 7. Looking to the judge’s comments at the guilty plea hearing, the transcript does not show that the judge specifically told Bronson what the minimum sentence could be.
Q: Mr. Bronson, you’ve heard the statements made by the State as to what their case would show in a trial on this matter. Do you agree with the statements made by the State?
A: Yes, ma'am.
Q: Do you understand that this Court can sentence you up to a term of *1086 years up to your life? This Court is not bound by any recommendations that may be made by the State or by your attorney; you understand that?
A: Yes, ma’am?
Q: After having advised you of the constitutional rights that you give up and the facts and circumstances surrounding this charge, do you still wish to enter this plea?
A: Yes, ma’am.
Q: To this charge of armed robbery, how do you plead — guilty or not guilty?
A: Guilty.
Q: Are you entering this plea because you are guilty and for no other reason?
A: I mean because I’m guilty.
¶8. This transcript excerpt shows that the judge did refer to the maximum sentence, but that she failed to mention the three year minimum. Accordingly, we find that the judge abused her discretion in failing to properly inform the defendánt as would enable him to make a knowing plea.
¶ 9. In Smith v. State, 636 So.2d 1220 (Miss.1994), the supreme court addressed a situation where the defendant was not informed of his minimum sentence. In Smith, the court said:
Automatic invalidation of a guilty plea is not the rule in Mississippi. In Gaskin v. State, 618 So.2d 103, 108 (Miss.1993), this Court held that the trial court’s failure to correctly advise the defendant of the applicable minimum and maximum sentences was harmless error where it is shown that the defendant was correctly informed by another source. That very same issue was also presented and expanded as the disposi-tive issue in Sykes v. State, 624 So.2d 500 (Miss.1993).
In Sykes, the accused was sentenced to a term of imprisonment and no fine was imposed. However, the penalty statute for the crime mandated a fine of at least $1,000, but not more than $1,000,000, and made imprisonment up to 30 years optional. Sykes was not informed of the minimum fine specified by the Mississippi Code. He subsequently claimed that the failure to notify him of the mandatory minimum fine rendered his guilty plea involuntary.
The Sykes Court held that where it can be said “beyond a reasonable doubt that the failure to advise an accused of a minimum played no role in the decision of the accused to plead, such failure is not fatal to the sentence.” The Court reasoned that the situation in Sykes warranted a natural extension of the “harmless error rule ” which had been applied on past occasions to omissions in advice rendered to pleading defendants where no actual harm was suffered by the defendant. The test announced in Sykes necessitates a “harmless error” analysis.
Smith, 636 So.2d at 1226 (citations omitted) (emphasis in original). Smith claimed that since he was not apprized of the mandatory minimum sentence, he did not voluntarily enter his guilty plea. Id at 1223. The court found that such omission did not affect his decision, since Smith had already admitted he was guilty and was willing to plead guilty. Therefore, the court found that Smith had suffered no harm as a result of the failure to notify him of the minimum sentence. Id at 1226. “Further, and as stated in another recent case, ‘[mjore importantly, however, he was not harmed because there can be no claim that the misinformation induced the plea.’ ” *1087 Id. (citing Nelson v. State, 626 So.2d 121, 126 (Miss.1993)) (emphasis in original).
¶ 10. In the present case, Bronson also apparently intended to plead guilty from the start. However, his case differs from Smith in that Bronson was literally misinformed and misled, not just deprived of the pertinent information. This was a serious misunderstanding that affected Bronson’s decision to plead guilty, rendering the plea not knowingly entered.
¶ 11. The statute for armed robbery reads:
Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (S) years.
Miss.Code Ann. § 97-3-79 (Rev.2000) (emphasis added). Looking to the petition to enter plea of guilty, a particular sub-part states:
My lawyer has informed me as to the maximum and minimum punishment which the law provides for the offense charged in the indictment. The maximum punishment which the Court may impose for this crime that I am charged with is life years and $ (blank) fine. The minimum punishment is -0- years imprisonment.
The blanks in this form were not filled in according to statute; thus, Bronson was not properly advised in this respect, as well. This mistake compounds the judge’s error pointed out in the previously quoted transcript excerpt which shows that when questioning Bronson as to his understanding of his actions, the judge failed to mention the minimum sentence to Bronson, though she did refer to the maximum.
¶ 12. Finally, and most significantly in support of the contention that Bronson’s plea was not knowingly entered, transcripts show that Bronson’s attorney, Derek Parker, apparently misled Bronson. Parker testified that he told Bronson the district attorney had offered ten years as a plea bargain. Parker recommended that Bronson take the plea, but Bronson told him he did not want to do that much time. Bronson decided he did not want to take the district attorney’s recommendation and “plead open,” but rather wanted to go before the judge in hopes of a lighter sentence. Bronson’s mother was present at the conference with Parker. Ms. Bronson signed an affidavit attesting that Parker told her that her son would be getting straight probation. Parker stated he did not speculate to Bronson what sentence the judge might give him, but Parker did admit that he erred on the petition to enter guilty plea in writing in the blank that the minimum would be zero years with probation rather than the statutory minimum of three years. An excerpt from the cross-examination of Parker at the hearing on Bronson’s motion for post-conviction relief shows:
Q: Mr. Parker, you said that you advised Kenyatta that he could get anything within the range of punishment, is that correct, or thereabouts?
A: Yes, sir, I believe that to be the case.
Q: Okay. At the time when the petition was prepared obviously and then filed with Ms. Bradshaw, it indi *1088 cates zero years of imprisonment as the minimum. It doesn’t say anything about that time might be suspended. It just says zero; right?
A: Yes, sir. That would have been an error on my part. I believe the statutory minimum was three years.
Q: Yes, sir. And do you recall why zero appeared there, and he would have been advised of zero?
A: I do not recall that, other than I guess I probably explained to him that the Judge could give him a suspended sentence if she so chose.
Q: Okay. Your testimony has been that you would have advised him that he could have gotten anything within that range of punishment.
A: Yes, sir, I believe that to be the case. Of course, you understand that was three years ago ... but as to exactly what I told him three and a half years ago, I cannot remember.
[[Image here]]
Q: I understand, but the petition asks for the minimum punishment in years, not that which could be suspended; correct?
A: That’s true.
¶ 13. Bronson was not only given incorrect information concerning the minimum sentence, his attorney misled him into thinking he could get off without having to serve any time in prison. If Bronson believed this, his plea was not knowingly made and he was prejudiced by his counsel’s acts.
¶ 14. Looking again to the transcript from Bronson’s post-conviction relief hearing, Bronson testified that the reason he declined the original offer of ten years was because he thought he could get off without having to serve any time were he to go before the judge.
Q: Could you tell the court why you rejected [the ten year offer] and what you were told that may have led you to make that decision?
A: Well, it was my first offense, and he was talking like I could get probation, so I turned it down.
Q: All right who talked about probation?
A: My attorney.
Q: Okay. Were you advised that there was a minimum or rather what the minimum was for the charge of armed robbery?
A: No.
Q: Were you told anything about what the minimum was?
A: Life is all I know.
Q: I’m sorry, minimum versus maximum?
A: No, I didn’t know that.
Q: Okay. Life is a maximum; correct? A: Yeah.
Q: Okay, what were you told the minimum punishment could be?
A: Zero to life.
The judge’s failure to refer to the statutory minimum sentence is, perhaps, not grounds enough to contest the guilty plea. However, if we take this into consideration with the mistake found in the petition for guilty plea and with Parker’s misleading Bronson to believe he might have a chance at not going to prison at all, we find that Bronson was effectively misguided. We find this to be grounds for reversal.
II. THE ERRORS AND OMISSIONS OF THE TRIAL JUDGE AT THE PLEA AND SENTENCING HEARING AND AT THE SUBSEQUENT HEARING ON BRONSON’S PETITION FOR POST-CONVICTION RELIEF RESULTED IN THE DENIAL OF THE FUNDAMENTAL CONSTI *1089 TUTIONAL RIGHTS AS GUARANTEED UNDER RELEVANT PROVISIONS OF THE UNITED STATES AND MISSISSIPPI CONSTITUTIONS.
¶ 15. Having found reversal is warranted, we only briefly address Bronson’s second issue to avert any confusion in the future regarding the question presented with this issue. Here, Bronson argues that the judge should have considered Bronson’s age, education and maturity pri- or to Bronson’s entering a guilty plea. Bronson argues that the Mississippi Youth Court Act (MYCA), which provides alternative sentencing for young offenders, should have been applied. Bronson argues that his attorney’s failure to give consideration to the applicability of the MYCA to his situation also resulted in ineffective assistance. The MYCA guidelines state in part:
(1) The youth court shall have exclusive original jurisdiction in all proceedings concerning a delinquent child, a child in need of supervision, a neglected child, an abused child or a dependent child except in the following circumstances:
(a) Any act attempted or committed by a child, which if committed by an adult would be punishable under state or federal law by life imprisonment or death, will be in the original jurisdiction of the circuit court;
(b) Any act attempted or committed by a child with the use of a deadly weapon, the carrying of which concealed is prohibited by Section 97-37-1, or a shotgun or a rifle, which would be a felony if committed by an adult, will be in the original jurisdiction of the circuit court.
Miss.Code Ann. § 43-21-151 (Rev.2000) (emphasis added). Here, the circuit court was the proper jurisdiction, since Bronson did use a shotgun to commit the robbery, and the maximum penalty for the crime is life imprisonment. Thus, the youth court had no jurisdiction here and the MYCA did not apply. We affirm on this issue.
CONCLUSION
¶ 16. Bronson’s guilty plea was not knowingly entered since the judge failed to apprize Bronson of the minimum sentence, the petition to enter guilty plea contained the wrong sentencing information, and his attorney gave him reason to believe that he could possibly get off without serving any jail time, when in reality the minimum sentence for his crime was three years. The performance of Bronson’s attorney acted to prejudice Bronson. Therefore, we find that the decision must be reversed and remanded on this issue for further proceedings consistent with this opinion. On the matter of the applicability of the Mississippi Youth Court Act to Bronson’s case, as stated above, the circuit court, not the youth court, had proper jurisdiction over this case. Therefore, we affirm on this issue.
¶ 17. THE JUDGMENT OF THE YA-ZOO COUNTY CIRCUIT COURT OF DENIAL OF POST-CONVICTION RELIEF IS REVERSED AND REMANDED IN PART AND AFFIRMED IN PART. COSTS OF THIS APPEAL ARE TAXED TO YAZOO COUNTY.
KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ„ CONCUR. McMILLIN, C.J., CONCURS IN RESULT ONLY. SOUTHWICK, P.J., NOT PARTICIPATING.