831 So.2d 1216 (2002)
Patrick BURNETT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-01338-COA.
Court of Appeals of Mississippi.
December 3, 2002.
*1217 Patrick Burnett, pro se, attorney for appellant.
Office of the Attorney General By: John R. Henry Jr., attorney for appellee.
Before KING, P.J., IRVING, CHANDLER, and BRANTLEY, JJ.
CHANDLER, J., for the court.
¶ 1. Patrick Burnett pled guilty to robbery, aggravated assault and car theft. The Lincoln County Circuit Court imposed a sentence of twelve years of incarceration and sixteen years of post-release supervision. His post-conviction motion was summarily dismissed by the trial court. Burnett appeals, citing two points of error:
I. THE APPELLANT'S GUILTY PLEA WAS MADE INVOLUNTARILY, UNKNOWINGLY, AND UNINTELLIGENTLY THEREFORE DENYING HIM HIS DUE PROCESS RIGHTS UNDER THE CONSTITUTION.
II. THE APPELLANT WAS SENTENCED TO A TERM IN EXCESS OF THAT PERMITTED BY STATUTE BY REQUIRING HIM TO SERVE A PORTION OF HIS SENTENCE AND TO BE ON POST-RELEASE SUPERVISION AFTER RELEASE FOR A PERIOD EXCEEDING FIVE YEARS.
Affirmed in part and reversed and remanded in part.

FACTS
¶ 2. In the June 1999 term of the Circuit Court of Lincoln County, the grand jury indicted Patrick Burnett for simple robbery, theft of an automobile and aggravated assault. On December 17, 1999, Burnett signed a petition to enter a guilty *1218 plea. In his signed petition, Burnett acknowledged that he was informed of his rights, the charges against him and the minimum and maximum fines and sentencing periods for each crime. However, the figure which indicates the possible minimum sentence for the robbery charge was illegible.
¶ 3. There were sentencing recommendations at the time of Burnett's plea presented by a memorandum dated October 12, 1999. The prosecution indicated that it would recommend a sentence of four years' imprisonment for the crime of theft of a motor vehicle, eight years' imprisonment for the aggravated assault offense, and eight years for the robbery offense to run concurrently. The sentence for motor vehicle theft was to run concurrently with a prior escape charge.
¶ 4. After filing his petition, Burnett came before the court to enter his plea. The transcript of the hearing reveals the following colloquy between Burnett, the prosecution, Burnett's attorney, and the judge pertaining to the mandatory sentence for robbery:
EXAMINATION BY THE COURT:
COURT: Count 2 is robbery. There is no minimum sentence, no minimum fine.
MR. RUSHING (DISTRICT ATTORNEY): Your Honor, on robbery, there is a minimum time of three years and the maximum is fifteen. I believe those are reversed right there on that line.
COURT: Okay, the minimum sentence is three years and the maximum sentence is five years?
MR. RUSHING: The maximum is fifteen years on robbery, Your Honor.
MR. AINSWORTH (BURNETT'S ATTORNEY): Your Honor, you already gave it to him.
MR. RUSHING: 99-0229, Count 1 is the robbery. The maximum penalty is fifteen years, the minimum penalty is three years. There is no minimum fine, and the maximum fine is $10,000.
COURT: Do you understand those maximum sentences, Mr. Burnett?
DEFENDANT: Yes, sir.
¶ 5. After reviewing each charge with Burnett, the judge stated that although the district attorney had made a sentencing recommendation of eight years due to Burnett's criminal history, he would not follow that recommendation. While incarcerated on a previous occasion, Burnett tried to escape. He was also accused of threatening to kill a jailer.
¶ 6. By amended sentencing orders dated January 19, 2000, the judge sentenced Burnett as follows: (1) for the crime of robbery, the defendant was sentenced to eight years' imprisonment with four years to serve and four to be "suspended;" (2) for the crime of unlawful taking of a motor vehicle, Burnett was sentenced to serve four years to run consecutively with the robbery and the aggravated assault sentences; and (3) for the crime of aggravated assault, Burnett was sentenced to fifteen years. He was to serve the first four, with the remaining eleven years to be served on post-release supervision.
¶ 7. On March 1, 2001, Burnett filed a motion for post-conviction relief which was dismissed by the trial court. Aggrieved by the dismissal, Burnett filed this appeal.

LAW AND ANALYSIS

I. WAS THE APPELLANT'S GUILTY PLEA MADE INVOLUNTARILY, UNKNOWINGLY, AND UNINTELLIGENTLY THEREFORE DENYING HIM HIS DUE PROCESS RIGHTS UNDER THE CONSTITUTION?
¶ 8. Burnett argues that his guilty plea was made involuntarily as a matter of law, *1219 because the trial judge failed to inform him of the correct mandatory minimum sentence which could be imposed for robbery. Burnett cites to several cases where the failure of the court to inform the defendant of his maximum and minimum sentences resulted in reversal. See Mallett v. State, 592 So.2d 524, 525 (Miss.1991); Wilson v. State, 577 So.2d 394, 398 (Miss. 1991); Vittitoe v. State, 556 So.2d 1062, 1065 (Miss.1990).
¶ 9. To meet constitutional standards, the United States Supreme Court has stated that a guilty plea must be freely and voluntarily entered. Boykin v. Alabama, 395 U.S. 238, 241, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A plea will only be deemed voluntary if the defendant has been advised of and understands his rights, the charges against him, and the potential penalties that could be imposed. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). The Uniform Circuit and County Court Rules state:
[I]t is the duty of the trial court to address the defendant personally and to inquire and determine: (b) That the accused understands the nature and consequences of his plea, and the maximum and minimum penalties provided by law:... UCRCCP § 8.04(A)(4) (1995).
URCCC 8.04(A)(4).
¶ 10. The burden of proving that a guilty plea was made involuntarily is on the defendant and must be proven by a preponderance of the evidence. Stevenson v. State, 798 So.2d 599, 602(¶ 7) (Miss.Ct. App.2001). The failure of the judge to inform the defendant of the mandatory sentencing requirements does not automatically create an invalid plea. Gibson v. State, 641 So.2d 1163, 1166 (Miss.1994). The court has established a "harmless error rule" which provides that as long as "the failure to advise a defendant concerning a mandatory sentence or fine requirement did not play a role in the decision of the accused to plead then the failure is not fatal to the sentence." Sykes v. State, 624 So.2d 500, 503 (Miss.1993).
¶ 11. The "harmless error rule" applies to situations in which the defendant was not advised of the mandatory minimum and maximum penalties at the sentencing hearing but learned the correct penalties by another source such as in the petition to plea. Vance v. State, 803 So.2d 1265, 1268(¶ 15) (Miss.Ct.App.2002). In Vance, the Court found harmless error because the defendant signed a plea petition which correctly stated the mandatory sentence even though he was told the incorrect information at the sentencing hearing. Id.
¶ 12. Where no prejudice is found, the "harmless error rule" applies. Sykes, 624 So.2d at 502. In Sykes, the court sentenced the defendant to forty years for armed robbery and no fine. Id. at 501. The defendant petitioned the court claiming he made an involuntary plea because he was not aware of the mandatory minimum fine for his crime. Id. The court held that there was no involuntary plea. Id. at 503.
¶ 13. The "harmless error rule" has not always extended to cases in which the trial court failed to inform the defendant of the mandatory punishment for a crime. Vittitoe, 556 So.2d at 1065. In Vittitoe, the defendant was charged with armed robbery and sentenced to twenty-five years. Id. at 1063. He was never told that the charge carried a mandatory minimum sentence of three years. Id. He stated, "I was expecting the court to be lenient since I was a first offender and with no prior criminal record and I was expecting probation or shock probation of maybe one or two years." Id. The court held that where the defendant was never told the possible sentence requirements and the defendant *1220 expected a lighter sentence his plea would be considered involuntary. Id. at 1065.
¶ 14. Where the defendant was literally misinformed and misled this Court has held the defendant's plea to have been involuntary. Bronson v. State, 786 So.2d 1083, 1088(¶ 14) (Miss.Ct.App.2001). In Bronson, the defendant pled guilty to armed robbery after his attorney and the trial judge advised him that armed robbery carried a possible term of zero to life. Id. at 1087(¶ 11). The correct term for armed robbery is three years to life. Miss.Code Ann. § 97-3-79 (Rev.2000). Bronson's attorney also misled him stating that he could get off without serving any time in prison. Bronson, 786 So.2d at 1085. Based on the erroneous information, Bronson pled guilty. Id. The judge sentenced Bronson to twenty years. Id. at 1084. Bronson appealed claiming he pled guilty based on this incorrect information. Id. This Court held that his plea was not knowingly made and he was prejudiced by his counsel's acts. Id. at 1089.
¶ 15. Burnett's plea petition in the record is unclear as to the minimum sentence for the charge of robbery. During the plea hearing, the trial judge stated that the minimum term was three years when in reality it is zero. However, the defendant was not prejudiced by the mistake. Pleading under the assumption that the minimum penalty is three years when actually it is zero does not prejudice the defendant.
¶ 16. Burnett's case differs from Vittitoe and Bronson in many ways. First, the defendants in Vittitoe and Bronson were under the false assumption that their crimes of armed robbery carried a minimum sentence of zero when in reality it carried a minimum of three. Burnett believed his minimum sentence was three years when in fact it was zero. Burnett also received the same sentence for the robbery count as the prosecutor requested. In Vittitoe and Bronson the defendants' expectations of a lighter sentence based on the misinformation was the motivating factor for their pleas. Unlike Vittitoe and Bronson, Burnett in his brief never stated that the misinformation induced him to plea. Based on these facts we find Burnett's plea to have been voluntary.

II. WAS THE APPELLANT SENTENCED TO A TERM IN EXCESS OF THAT PERMITTED BY STATUTE BY REQUIRING HIM TO SERVE A PORTION OF HIS SENTENCE AND TO BE ON POST-RELEASE SUPERVISION AFTER RELEASE FOR A PERIOD EXCEEDING FIVE YEARS?
¶ 17. Burnett asserts that the trial court violated the statutory maximum by imposing an eleven-year post-release supervision sentence for the assault charge. "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). A trial court will not be held in error or held to have abused its discretion if the sentence imposed is within the limits fixed by statute. Johnson v. State, 461 So.2d 1288, 1292 (Miss.1984).
¶ 18. The limits required by law are outlined in Section 47-7-34 of the Mississippi Code. It states that the total number of years of post-release supervision "shall not exceed the maximum sentence authorized to be imposed by law for the felony committed." Miss.Code Ann. § 47-7-34 (1972). It also establishes that "[t]he maximum amount of time that the Mississippi Department of Corrections may supervise an offender on post-release supervision *1221 program is five (5) years." Id. In previous decisions, this Court has held the five-year post-release limitation applies to each conviction. Moore v. State, 816 So.2d 1022(¶ 23) (Miss.Ct.App.2002). There is nothing in the statute to support a notion that the five-year limitation was intended to limit post-release supervision to five years, regardless of how many felonies the defendant committed.
¶ 19. The trial judge sentenced Burnett as follows: 1) four years of incarceration and five years of post-release supervision for the robbery count under a potential fifteen year maximum sentencing; 2) four years of incarceration for the count of motor vehicle theft under a five year sentencing possibility; and 3) four years of incarceration and eleven years post-release supervision for the aggravated assault charge under a potential twenty year sentence. In total the judge sentenced Burnett to twelve years of incarceration and sixteen years of post-release supervision. The court did not exceed the mandated maximum sentencing for the crimes committed.
¶ 20. However, for the crime of aggravated assault the court sentenced him to four years of incarceration and eleven years of post-release supervision. This exceeds the maximum amount of time one can be sentenced by statute to post-release supervision. We correct this error and order the decrease of the post-release supervision sentence to the statutory maximum of five years. Therefore, Burnett will face a total sentence of twelve years of incarceration and ten years of post-conviction supervision.
¶ 21. We reverse and remand to the trial court to issue an order correcting sentencing in accordance with this opinion.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. COSTS ARE ASSESSED TO LINCOLN COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.