MYERS, J.,
for the court.
¶ 1. Donald Dennis (Dennis) while working as an informant for the U.S. Drug Enforcement Agency (DEA)and the Mississippi Bureau of Narcotics (MBN) was arrested for possession of cocaine with intent to distribute. Dennis claims the MBN gave him immunity in exchange for working as an informant for them. Despite this alleged immunity, he was prosecuted and sentenced to twenty years in prison. He filed a petition for post-conviction relief that the Circuit Court of Hinds County denied. Dennis now appeals that decision, asserting the following, errors:
1. THAT THE CIRCUIT COURT ERRED IN DENYING DENNIS’S PETITION FOR POST CONVICTION RELIEF.
2. THAT THE AGREEMENT BETWEEN DENNIS AND LAW ENFORCEMENT OFFICIALS TO NOT PROSECUTE HIM IF HE WORKED AS A CONFIDENTIAL INFORMANT WAS ENFORCEABLE AND PRECLUDED HIS INDICTMENT.
8. THAT LAW ENFORCEMENT AGENCIES HAD APPARENT AU *1199 THORITY TO MAKE AN IMMUNITY/LENIENCY AGREEMENT AND THE FACT THE DISTRICT ATTORNEY’S OFFICE WAS NOT AWARE OF THE AGREEMENT WAS IMMATERIAL CONSIDERING DENNIS RELIED UPON THE AGREEMENT TO HIS DETRIMENT.
4. THAT THE ADVICE OF DENNIS’S FORMER ATTORNEY, WITH RESPECT TO THE AGREEMENT BETWEEN HIMSELF AND LAW ENFORCEMENT OFFICIALS TO ACT AS A CONFIDENTIAL INFORMER, AND HIS ATTORNEY’S SUBSEQUENT FAILURE TO OBTAIN AN AGREEMENT FROM THE DISTRICT ATTORNEY’S OFFICE FELL BELOW THE MINIMUM STANDARD OF PROFESSIONAL REPRESENTATION TO THE EXTENT THAT DENNIS WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO COUNSEL.
5. THAT DENNIS, MEDICATED WITH PAINKILLERS AT THE TIME OF HIS GUILTY PLEA, DID NOT MAKE HIS PLEA KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.
STATEMENT OF THE FACTS

By the Appellant

¶ 2. In December 1994, Dennis entered into an agreement with the DEA to serve as an anonymous informant. Dennis did this hoping that a friend of his facing federal drug charges would receive a more lenient sentence.
¶ 3. On April 12, 1995, the MBN arrested Dennis, charging him with possessing more than a kilogram of marijuana with intent to distribute.[1] On April 2, 1997, Dennis pled guilty to the marijuana charge before the Circuit Court of Hinds County. This was an “open plea” with no recommendation from the prosecution about what should be Dennis’s sentence. The trial court advised Dennis of the rights he waived by pleading guilty and the nature of the charge. Further, the court determined that no one coerced or promised Dennis anything in exchange for his plea, and that he knew it was an open plea with a possible maximum sentence of sixty years. The court found that Dennis, was not under the effects of drugs or alcohol at the time of his plea.[2]
¶ 4. Dennis later filed a motion to withdraw his plea, stating there were “communication problems” between the DEA and the MBN, and that the medications he was taking caused him to involuntarily accept the plea. The trial court denied this motion. Dennis then filed a motion for post-conviction relief on January 21, 2000. The trial court also denied this motion. Dennis now appeals this denial.

By the State

¶ 5. The State agrees with the facts up to the point of his April 12, 1995 arrest. Shortly after his arrest, Dennis and his attorney, John Colette, met with Bruce Kirby (Kirby) and Ron Pitts of the MBN. They agreed that Dennis would work for the MBN to obtain arrests and convictions of drug offenders in the metro area. Though they did not memorialize the agreement in writing, its substance, in the words of Agent Kirby, was to “not pursue the charges [against Dennis] if he gave us *1200 drug cases.” Kirby later admitted that he should have seen that he made the district attorney’s office aware of-the agreement. At a later hearing, Kirby stated the agreement had conditions. Namely, that Dennis no longer deal drugs, and that he would not work for the DEA.
¶ 6. Dennis violated the agreement with the MBN. He continued to work as an informant for the DEA. Further, he was arrested for selling drugs in Madison County in September 1995. Thus, he violated both terms of the MBN agreement.
¶ 7. After the trial court denied Dennis’s motion to dismiss, he decided to plead guilty on April 2, 1997, to possession of marijuana in excess of one kilogram. At the plea, he testified that he was taking medicines for high blood pressure, anxiety, and pain. Dennis later filed a motion to set aside the guilty plea, claiming that the pain medicines caused him to not knowingly, intelligently, and voluntarily plead guilty. The trial court denied this motion and sentenced Dennis to twenty years in the custody of the Mississippi Department of Corrections.
¶ 8. Dennis then filed a petition for post-conviction relief on January 21, 2000, with the Circuit Court of Hinds County. The court dismissed the petition on July 26, 2000. A motion to reconsider the post-conviction relief was denied on January 19, 2001. Dennis appeals the denial of his post-conviction relief.
LEGAL ANALYSIS

Dennis’ Second and Third Assignments of Error

¶ 9. Although Dennis classifies this argument as two separate assignments of error, we can succinctly state it as one: His immunity agreement with the MBN should be enforced since he detrimentally relied upon it. Upon review, however, it is apparent that Dennis did not live up to his end of the bargain. Dennis’s agreement with the MBN contained two conditions: (1) he was to no longer work for the DEA, and instead deliver cases to the MBN; (2) he would not engage in any non-controlled drug sales. Contrary to Dennis’s argument, this Court finds that it is Dennis who violated the terms of any agreement which may have existed between himself and the MBN. Thus, his second and third assignments of error are without merit.

Dennis’ Fourth Assignment of Error

¶ 10. Dennis also asserts that he did not receive effective assistance from the attorney who represented him during his trial and any plea negotiations that may have taken place. To prove the alleged ineffective representation, Dennis points out that his attorney failed to notify the district attorney’s office of the agreement reached between the MBN and Dennis. In fact, it was over a year after the indictment that his attorney finally notified the assistant district attorney assigned the case about the agreement.
¶ 11. In Leatherwood v. State, 473 So.2d 964 (Miss.1985), the supreme court adopted the test promulgated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). One claiming ineffective assistance of counsel bears the burden of proving: (1) his counsel’s performance was deficient; and (2) the outcome of the trial would have been different, but for the deficiency in performance. Id. at 687, 104 S.Ct. 2052. This is a high standard, since we presume that an attorney’s conduct is “within the wide range of reasonable professional assistance.” Id. at 689, 104 S.Ct. 2052. Further, we view the conduct in the totality of the circumstances to discover if any errors made by the attorney were “outside the range of professionally competent assistance.” Id. at 690, 104 S.Ct. 2052.
¶ 12. Dennis caches his argument in a qualification; Dennis argues that his attor *1201 ney should have presented the agreement to the district attorney’s office immediately, but this is “provided, of course, that the district attorney’s office had an administrative method of tracking and entering into such agreements before charges were even brought.” This supposition is simply not enough to overcome the presumption that an attorney’s performance is competent. Even assuming that this is enough to satisfy the Strickland test’s first prong, no evidence is presented that a different result would have come about.

Dennis’s Fifth Assignment of Error

¶ 13. Dennis now asserts that he did not enter his guilty plea knowingly, intelligently, and voluntarily. This is because he was taking pain medications at the time of the plea, including one Dennis now claims is a narcotic. These medications clouded his judgment and should, he argues, cause doubt to be cast over the conditions under which he entered his guilty plea.
¶ 14. In Griffis v. State, 797 So.2d 299 (Miss.Ct.App.2001), this Court refused to rule that the appellant entered a guilty plea involuntarily when, inter alia, the appellant was on medication at the time of the plea and claimed to not know what he was doing. This Court found that allegation contradicted the appellant’s “Petition to Enter Guilty Plea” and his testimony at the plea hearing. Id. at 306(¶ 20). The Mississippi Supreme Court held similarly in Jones v. State, 747 So.2d 249 (Miss.1999). There, Jones asserted that he was taking medication for paranoid schizophrenia when he entered a guilty plea. Yet, in his “Petition to Enter Guilty Plea,” Jones stated he was not under the influence of any medications, drugs, or alcohol. Further, when questioned by the judge, both Jones and his attorney proclaimed he was not under the effects of drugs or alcohol. The court noted that without medical evidence that any medicines he was taking impaired Jones, the guilty plea should stand. Id. at 251 (¶¶ 9-10).
¶ 15. Like the appellant in Griffis, Dennis contradicts his claim that the medication affected his judgment in his “Petition to Enter a Plea of Guilty.” In that document, Dennis affirmed by his signature that “at this time I [Dennis] am not under the influence of drugs, nor alcohol, nor suffering from any mental disease.” There was also an exchange between Dennis and the trial judge:
Q [by the court]: Mr. Dennis, have you used any drugs or alcohol today?
A [by Dennis]: No, sir.
Q: Are you on medication of any type?
A: Yes, sir.
Q: What type of medication?
A: I’m on blood pressure medication, medication for anxiety, pain medication which is nonnarcotic. ... [B]ut nothing that affects my mental capacity, sir.
Q: All right. So you are able to think clearly today and make rational decisions?
A: Yes, sir, I am.
(emphasis added). However, five months later, Dennis was then saying that his mind “is a lot clearer now than it was at that particular time.... ”
¶ 16. As in Jones, Dennis offers no medical evidence that the medications he was taking at the time of his plea could affect his thinking. Dennis submitted an affidavit from a Dr. Douglas C. Brown, who treated him for a back injury. Dr. Brown prescribed the medications that Dennis was taking during his plea. The doctor merely states that in his medical opinion, “the combination of the pain medication prescribed after the back surgery and the mood stimulating medication would render an individual unable to drive or operate heavy machinery.” Since his plea did not involve driving or heavy machinery, this affidavit does not lend any support to his argument.
*1202 ¶ 17. Since Dennis presents contradicting testimony and no medical evidence to support his argument, the Court finds this assignment of error to be without merit.

Dennis’s First Assignment of Error

¶ 18. This assignment of error is quite simply that the trial court erred in denying Dennis’s petition for post-conviction relief. The Court has already reviewed each assignment of error in the trial court’s decision and found no error. This assignment of error is therefore without merit.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY DISMISSING WITH PREJUDICE PETITION FOR POST CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.

. Dennis was also charged with a cocaine charge, but this was dropped pursuant to him pleading guilty to the marijuana charge.

. Dennis admitted, however, that he was taking medication for high blood pressure and anxiety.